FILED
NOV 1 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012
   Plaintiff,

v.

MICHAEL KELLY
1133 North Capitol St., N.E.
Washington, D.C. 20002
   Defendant.

CASE NUMBER 1:06CV01952
JUDGE: Reggie B. Walton
DECK TYPE: TRO/Preliminary Injunction
DATE STAMP: 11/15/2006

\*   \*   \*

### LEAVE TO FILE VERIFIED COMPLAINT

1. All acts complained of occurred in District of Columbia. Amount in controversy exceeds Fifty Thousand Dollars ($50,000.00). Parties are subject to jurisdiction of this Court as more fully described below.

2. Plaintiff is a disabled veteran, currently receiving 40% disability from Department of Veteraan's Affairs. Plaintiff is also receiving Supplemental Security Income from Social Security Administration due to his organic mental disorder. Because of osteoarthritis in both knees Plaintiff's medical restrictions are limited walking and standing. Because of spinal condition Plaintiff cannot sit for periods >1-2 hours. As such, Plaintiff has a mental and physical impairment resulting from his service-connected injuries, and is therefore an individual with a disability protected under **Americans with Disabilities Act ("ADA"), 42 U.S.C. δδ 12101-12213**, and specifically under **Title II of the ADA**, which governs public services.

3. Defendant is executive director of D.C. Housing Authority ("DCHA"), the "public entity" under **Title II of the ADA, 42 U.S.C. 12131(1)**, and as such, is required to ensure that no "qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied benefits of the services, programs, or activities of a public entity." **28 C.F.R. δ 35.130(a)**. Furthermore, in order to ensure that no qualified disabled individual is excluded from the services provided by a public entity, such public entity must:

> *Make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.*
> **28 C.F.R. δ 35.130(b)(7)**.

RECEIVED
OCT 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

4. Based on a review of administrative record provided by defendant to Plaintiff, it appears there were no modifications made to any DCHA procedures to accommodate Plaintiff's mental impairment based on his diagnosed organic mental disorder and/or physical impairments based on his diagnosed osteoarthritis both knees and spinal condition. Plaintiff has repeatedly filed documentation in support of his mental and physical impairments with defendant over the years, but it appears defendant considered these documents as though submitter was not due the special attention required by **Title II of the ADA**. Specifically, it appears that defendant assigned Plaintiff's "case" treated Plaintiff as he would any other individual. For example, in a June 20, 2005, letter from Dr. Gary Dennis, defendant disregarded Plaintiff's request for **ADA** reasonable accommodation regarding minimizing waiting time to testify at annual DCHA board of commissioners' monthly meeting. Previously, DCHA executive assistant Shanita Spriggs was able to accommodate and did grant this **ADA** reasonable request. Plaintiff also requested assistance with completing complex DCHA recertification documents. At present defendant continues to deny Plaintiff his entitled requested reasonable public accommodation. In addition, Plaintiff's actual and anticipated out-of-pocket medical expenses have yet to be verified by defendant to offset his portion of rent. In retaliation for having asserted his constitutionally-guaranteed rights defendant has set out to satisfy an extra-judicial claim instituted as a private matter to achieve an end unintended by law and in fact having had that intended effect not only to refuse Plaintiff his **ADA** reasonable accommodations but also to make Plaintiff become homeless. Under **28 C.F.R. § 35.130(b)(7)**, once Plaintiff made such a request, defendant was obliged to make a finding "demonstrat[ing] that making the modifications [requested by Plaintiff] would fundamentally alter the nature of the service, program, or activity." There is no contemporary evidence in the documents provided Plaintiff as part of his wrongful denial of **ADA** reasonable accommodations or termination recommendation of January 25, 2006 that defendant ever made any such determination or even considered Plaintiff's request as required by the **ADA Title II** implementing regulations. Rather, it appears that defendant instead required his subordinates under doctrine of *respondeat superior* to have additional correspondence sent to Plaintiff as a precautionary measure to insulate defendant from further liability, not to assist Plaintiff with entitled requested **ADA** reasonable public accommodations.

5. Accordingly, under **28 C.F.R. § 35.130(b)(7)**, Plaintiff does not have to allege disparate treatment in order to maintain a reasonable accommodation claim. ***McGary v. City of Portland***, 386 F.3d 1259, 1266 (9th Cir. 2004) *see also* ***Henrietta D. v. Bloomberg***, 331 F.3d 261, 276-77 (2d Cir. 2003)("[A] claim of discrimination based on a failure reasonably to accommodate is distinct from a claim of discrimination based on disparate impact."), *cert. denied*, 541 U.S. 936 (2004); ***Dunlap v. Ass'n of Bay Area Gov'ts***, 966 F.Supp. 962, 965 (N.D. Cal. 1998)("[T]he ADA not only protects against disparate treatment, it also creates an affirmative duty in some circumstances to provide special, preferred treatment, or 'reasonable accommodation.'"). Once the claim for reasonable accommodation has been made, the burden shifts to defendant to prove that such accommodation would "fundamentally alter" the nature of DCHA "requires a more fact intensive inquiry than is appropriate on a motion to dismiss." ***Nelson v. Milwaukee County***, 2006 WL 290510, 7 (E.D. Wis. 2006); *see also* ***Crowder v. Kitagawa***, 81 F.3d

1480, 1485-86 (9th Cir. 1996)(stating that "the determination of what constitutes reasonable accommodations is highly fact-specific requiring case-by-case inquire'); *Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 818 (9th Cir. 1999)(explaining that the question of what constitutes a reasonable accommodation "requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations" requested).

6. As discussed herein, Plaintiff is a member of a protected class under **Title II of the ADA**. In its past "ruling" of May 25, 2005 defendant acknowledges "denial" of resident request for reasonable accommodation to achieve an end unintended by law and in fact having had that intended effect to refuse Plaintiff his **ADA** reasonable accommodations and to make Plaintiff become homeless. Available DCHA record does not explain whether defendant made its required determination under **28 C.F.R. δ 35.130(b)(7)** to show that allowing DCHA to review Plaintiff's requests under an **ADA** reasonable accommodation would "fundamentally alter the nature of the service, program, or activity." At a fundamental level, it is unclear how allowing Plaintiff to be the first person to testify at DCHA monthly board of commissioner's meetings and payment of actual and anticipated medical expenses would fundamentally alter nature of DCHA's administration, particularly in light of DCHA's "Mission Statement," which reads:

> *The District of Columbia Housing Authority (DCHA) is dedicated to enhancing quality of life in District of Columbia by providing and effectively managing affordable housing which is diverse, well maintained, and aesthetically pleasing for those whose circumstances prevent them from competing in general marketplace.*
>
> *The District of Columbia Housing Authority seeks to achieve highest and best use of that housing for people of low and moderate income through promotion of economic development and self-sufficiency opportunities and facilitation of other supportive services.*

7. In addition to denying Plaintiff his requested entitled reasonable accommodations, defendant had Plaintiff detained, arrested, and barred from his office.

8. As a direct and proximate result defendant's wanton and willful rancorous malicious misconduct and total disregard of Plaintiff's constitutionally-guaranteed rights, Plaintiff sustained physical injury, mental trauma, psychological anguish, and loss of the enjoyment of life.

WHEREFORE, Plaintiff, Michael Sindram, *pro-se*, respectfully requests that this Honorable Court find defendant Michael Kelly liable for all injuries, damages, and violations suffered by him, and that judgment be entered against defendant Michael Kelly jointly, severally, collectively, and individually, as follows:

1. Compensatory and General damages in amount of Nine Hundred Fifty Thousand Dollars ($950,000.00);

2. Punitive damages in amount of Eight Hundred Thouasand Dollars ($800,000.00);

3. Costs, disbursements, and Reasonable Award of Expenses for Plaintiff to vigorously prosecute this weighty meritorious cause of action in amount of Twenty-Four Thousand Dollars ($24,000.00);

4. Such other and further relief as to this Court appears just and proper.

**In God we trust:**
*Michael Sindram*
Michael Sindram, Plaintiff, *Pro-Se*
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012
(202)722-6281


### JURY DEMAND

Jury Demand hereby made as to all issues herein as guaranteed by our United States Constitution Amendment VII.

*Michael Sindram*
Michael Sindram


*Don't be like the wicked who scheme to rob an honest man*
*or to take away his home. No matter how often an honest man*
*falls, he always gets up again; but disaster destroys the wicked.*
**Proverbs 24:15-16 (TEV)**

*Take the impurities out of silver and the artist can produce*
*a thing of beauty. Keep evil advisers away from the king and*
*his government will be known for its justice.*
**Proverbs 25:4-5 (TEV)**

*Make it* **your** *aim to do what is* **right**, *not what is evil, so*
*that* **you** *may live. Hate what is evil, love what is* **right**, *and*
*see that* **justice** *prevails in the* **courts**...*let* **justice** *flow like*
*a stream, and* **righteousness** *like a river that never goes dry.*
**Amos 5:14a, 15a, 24 (TEV)**

*Do for others what* **you** *want them to do for* **you**!
**Matthew 7:12a (TEV)**

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Michael Sindram

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (NP)

**DEFENDANTS**

Michael Kelly

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

CASE NUMBER 1:06CV01952
JUDGE: Reggie B. Walton
DECK TYPE: TRO/Preliminary Injunction
DATE STAMP: 11/15/2006

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
- ☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☒ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities- Employment<br>☐ 446 Americans w/Disabilities- Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ 10   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES ☐ NO   If yes, please complete related case form.

DATE 11.15.06   SIGNATURE OF ATTORNEY OF RECORD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



N:\forms\js-44.wpd