FILED

NOV 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL SINDRAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06 1952 |
| ) | |
| MICHAEL KELLY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon review of plaintiff's motion for leave to file a *pro se* complaint, an application for leave to proceed *in forma pauperis,* and a motion for leave to file a motion for temporary restraining order. Plaintiff will be granted leave to file the pleadings and the application to proceed *in forma pauperis* will be granted. The motion for temporary restraining order will be denied for the following reasons.

Plaintiff is a "serial litigant" who has filed numerous frivolous actions in this Court and other courts. *See Sindram v. Circuit City*, No. 92-2138, 1992 WL 391359 (D.D.C. Dec. 14, 1992). As such, plaintiff has been enjoined from filing actions in this Court *in forma pauperis* without leave of court. *Id.* Plaintiff cannot bring suit in this Court without (1) first obtaining leave to file from the Court; (2) certifying that any such complaint raises new matters never before decided on the merits by any federal court; (3) including a concise description of the allegations contained in his complaint; and (4) truthfully so certifying any complaint on penalty of contempt of this Court. *Sindram v. Saunders*, No. 03-2110 (D.D.C. Aug. 11, 2004). The Court concludes that plaintiff has complied with these requirements.

The Court has reviewed plaintiff's complaint and motion under the more flexible standards applied to pleadings filed by *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Plaintiff alleges that he suffers from a mental disorder and osteoarthritis. He claims that defendant, the Executive Director of the District of Columbia Housing Authority ("DCHA") is violating the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, by failing to provide a "reasonable accommodation" for his disabilities. Plaintiff's specific allegations are that defendant did not act to minimize plaintiff's time waiting to testify at the monthly meeting of the DCHA Board of Commissioners and did not provide assistance in completing the required DCHA re-certification documents.

A temporary restraining order is an extraordinary and drastic remedy, one the court should not grant unless the movant, by a clear showing, carries the burden of persuasion. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)(citations omitted). To be entitled to a temporary restraining order, plaintiff must show (1) a substantial likelihood of success on the merits, (2) that he would suffer irreparable injury if the order was not granted, (3) that a restraining order would not substantially injure other interested parties, and (4) that the public interest would be served by granting plaintiff's motion. *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998); *National Head Start Ass'n v. Dep't of HHS*, 297 F. Supp. 2d 242, 247 (D.D.C. 2004).

Plaintiff's motion fails to meet the standard necessary for the issuance of a temporary restraining order. He will not suffer irreparable injury if injunctive relief is not granted. The alleged statutory violations can be remedied without a restraining order. Accordingly, it is

**ORDERED** that plaintiff's motions for leave to file are **GRANTED**. It is

**FURTHER ORDERED** that plaintiff's application for leave to proceed *in forma*

*pauperis* is **GRANTED**. It is

       **FURTHER ORDERED** that plaintiff's motion for temporary restraining order is

**DENIED**.

                                              */s/ Rosemary M. Collyer*
                                              United States District Judge

DATED: 10/17/06