## UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM,
    Plaintiff,

v.             Civil Action No.06-1952 (RBW)

MICHAEL KELLY,
    Defendant.
\*       \*       \*

### MOTION FOR EXPEDITED HEARING AND RULING ON MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR RELATED RELIEF

  Plaintiff, Michael Sindram, *pro-se*, in his Motion For Expedited Hearing And Ruling On Motion For Temporary Restraining Order And For Related Relief, states the following:

  1. On October 11, 2006 Plaintiff served *by-hand* Michael Kelly Leave To File Motion For Temporary Restraining Order And For Related Relief. No opposition having been made by defendant so that relief sought to be treated as conceded and should now be granted.

  2. On December 13, 2006 Plaintiff read verbatim at tape-recorded meeting with Michael Kelly Supplemental Motion For Temporary Restraining Order And For Related Relief. No opposition having been made by defendant so that relief sought to be treated as conceded and should now be granted.

  3. Defendant's arbitrary and capricious "final informal hearing decision" of January 30, 2007 to terminate Plaintiff from housing choice voucher program to make Plaintiff homeless is inconsistent with law and unsupported by the evidence in this matter. *See* **Motion For Summary Judgment** of October 10, 2006 and **Supplemental Motion For Summary Judgment** of January 16, 2007, annexed hereto.

  4. Defendant has set out to satisfy an extra-judicial claim instituted as a private matter to achieve an end unintended by law and in fact having had that intended effect to cause Plaintiff to become homeless.

  5. Defendant's wanton and willful rancorous malicious misconduct and total disregard of Plaintiff's constitutionally-guaranteed rights has resulted and will continue to result in immediate and irreparable injury, harm, and damage to Plaintiff as described herein.

  6. Plaintiff is likely to prevail on the merits in his weighty meritorious cause of action. Plaintiff is in danger of suffering irreparable harm during dormancy of this action if this relief is not granted. [Cold outside and being homeless ain't no joke!] If this relief is not granted, more harm will result to Plaintiff than result to defendant if this relief is granted. The public interest will be disserved by failure to grant this relief.

WHEREFORE, good cause having been shown and premises considered, Order should now pass granting Motion For Expedited Hearing And Ruling On Motion For Temporary Restraining Order And For Related Relief as to this Honorable Court appears just and proper.

**In God we trust:**
*Michael Sindram*
Michael Sindram, Plaintiff, *Pro-Se*
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012
(202)722-6281

## SUPPLEMENTAL REQUEST FOR EXPEDITED HEARING

Supplemental request for expedited hearing as to all issues herein to be advanced on Court's docket to earliest practicable date to aid in the decisional process.

Michael Sindram

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copy of foregoing Motion For Expedited hearing And Ruling On Motion For Temporary Restraining Order And For Related Relief was mailed, postage prepaid, this 3rd day of February, 2007 to: Michael Kelly, 1133 North Capitol St., N.E., 2nd Floor, Washington, D.C. 20002-7599.

Michael Sindram

**Take impurities out of silver and artist can produce a thing of beauty. Keep evil advisers away from king [judge] and his government [court] will be known for its justice.**
Proverbs 25:4-5 (TEV)

**Make it your aim to do what is right, not what is evil, so that you may live. Hate what is evil, love what is right, and see that justice prevails in the courts...let justice flow like a stream, and righteousness like a river that never goes dry.**
Amos 5:14a, 15a, 24 (TEV)

**Do for others what you want them to fdo for you!**
Matthew 7:12a (TEV)

# DISTRICT OF COLUMBIA HOUSING AUTHORITY
# OFFICE OF FAIR HEARING

MICHEAL SINDRAM
        Complainant / Disable Veteran,

                      Case No. 43 -- 2006
                      Hearing Officer Henry Williams

DISTRICT OF COLUMBIA HOUSING AUTHORITY
        Respondent,

## MOTION FOR SUMMARY JUDGEMENT

Complainant / Disable Veteran, Michael Sindram, pro se, hereby submits his Motion for Summary Judgment in District of Columbia Housing Authority's ("DCHA") Case No. 43 -- 2006, and states as follows:

## BACKGROUND

On January 25, 2006 DCHA formally served disabled Veteran with a "Recommendation for Termination" ("Recommendation") from DCHA-administered Housing Choice Voucher Program (disease "HCVP"). Recommendation alleges that disabled Veteran is in violation of 24 C.F.R § 982.551 (b) for allegedly failing to disclose an "interest in and income received from a condominium known as unit # 1017, 1836 Metzerott Road; Adelphi, Maryland completely and truthfully" (hereinafter "Unit 1017"). As stated herein, disabled Veteran has no "interest" in Unit 1017, nor has he received any income from Unit 1017. Accordingly, as there are no material facts that can be in dispute, disabled Veteran is therefore entitled to judgment as a matter of law. *Puma v. Sullivan*, 746 A.2d 871, 874 (D.C. 2000).

OCT 1 0 2006
D.C. HOUSING AUTHORITY
OFFICE OF FAIR HEARINGS

# ARGUMENT

## I.   Disabled Veteran does not have an "interest" in Unit 1017.

Disabled Veteran's "interest" in Unit 1017 is expressly defined by power of Attorney ("POA") he exercised on behalf of Mr. Joseph Immanuel and Ms. Mary Israel (hereinafter "Principals"). See Exhibit A. Exercise of a POA in connection with the real property does not, in itself, also convey an "interest" in that property to the agent. An agent is bound by terms and scope of instrument, and any exercise of power outside of that expressly granted is unenforceable. POA does not grant any legal title or other incident of ownership to disabled Veteran, and a disabled Veteran has never held himself out to the public as owner of the Unit 1017. Furthermore, in November 1996, a foreign civil judgment against disabled Veteran in the amount of $295,000.00 was filed in Circuit Court for Prince George's County, Maryland. Presumably, if disabled Veteran was owner of the Unit 1017, plaintiff in that civil matter would have had sheriff attach and sell Unit 1017 in order to satisfy a portion of that judgment.

## II.   Disabled Veteran has not received any "income" from Unit 1017.

Term "income" is defined to include "net income of any kind from real or personal property." See e.g. 24 C.F.R § 5.609 (b) (3); 14 DC ADC 1799.1. While it is clear that disabled Veteran does not have any ownership interest in Unit 1017, disabled Veteran has always asserted a moral obligation to do his best to provide for upkeep of Unit 1017. When disabled Veteran first entered DCHA HCVP, he endeavored to find tenants for Unit 1017 to defray costs all of Prince George's County real property taxes and condominium association fees. Disabled Veteran was not entirely successful in these endeavors, and minimal income received from tenant at unit 1017 has never exceeded taxes and condominium association fees. Accordingly, disabled Veteran has never received any net income that would be reportable under either Housing and Urban Development (" HUD") or DCHA HCVP implementing regulations. As demonstrated in tables below, for each and every year disabled Veteran has been a participant in DCHA's HCVP, expenses for Unit 1017 have far exceeded any rent collected.

| **2001** | | | | |
|---|---|---|---|---|
| **Month** | **Condo Fees Paid** | **Taxes Paid (Unit 1017)** | **Taxes Paid (Parking Space)** | **Rent Collected** |
| Sept. | $236.00 | | | $0.00 |
| Oct. | $236.00 | | | $0.00 |
| Nov. | $205.00 | | | $0.00 |
| Dec. | $205.00 | | | $0.00 |
| **Subtotals:** | **$882.00** | **$399.50** | **$47.95** | |
| | | **Total Expenses:** | **$1,329.45** | |
| | | **Net Income:** | **($1,329.45)** | |

| 2002 | | | | |
|---|---|---|---|---|
| Month | Condo Fees Paid | Taxes Paid (Unit 1017) | Taxes Paid (Parking Space) | Rent Collected |
| Jan. | $205.00 | | | |
| Feb. | | | | $0.00 |
| Mar | $215.25 | | | $0.00 |
| Apr | $205.00 | | | $0.00 |
| May | $205.00 | | | $0.00 |
| Jun | $205.00 | | | $0.00 |
| Jul | $267.00 | | | $295.00 |
| Aug | $470.00 | | | $295.00 |
| Sep | $218.00 | | | $251.00 |
| Oct | | | | $0.00 |
| Nov | $447.00 | | | $273.00 |
| Dec | | | | $0.00 |
| **Subtotals** | **$2,437.25** | **$399.50** | **$47.95** | **$1,114.00** |
| | | **Total Expenses:** | **$2,884.70** | |
| | | **Net Income:** | **($1,770.70)** | |

| 2003 | | | | |
|---|---|---|---|---|
| Month | Condo Fees Paid | Taxes Paid (Unit 1017) | Taxes Paid (Parking Space) | Rent Collected |
| Jan. | | | | |
| Feb. | $463.35 | | | $0.00 |
| Mar | $227.00 | | | $0.00 |
| Apr | $227.00 | | | $0.00 |
| May | $240.00 | | | $0.00 |
| Jun | $253.00 | | | $0.00 |
| Jul | | | | $0.00 |
| Aug | | | | $0.00 |
| Sep | | | | $270.50 |
| Oct | $910.05 | | | $0.00 |
| Nov | | | | $0.00 |
| Dec | | | | $546.00 |
| **Subtotals** | **$2,320.40** | **$419.75** | **$47.95** | **$816.50** |
| | | **Total Expenses:** | **$2,788.10** | |
| | | **Net Income:** | **($1,971.60)** | |

| 2004 | | | | |
|---|---|---|---|---|
| Month | Condo Fees Paid | Taxes Paid (Unit 1017) | Taxes Paid (Parking Space) | Rent Collected |
| Jan. | | | | $0.00 |
| Feb. | | | | $0.00 |
| Mar | | | | $0.00 |
| Apr | | | | $0.00 |
| May | $1,638.00 | | | $0.00 |
| Jun | $257.00 | | | $0.00 |
| Jul | | | | $0.00 |
| Aug | $514.00 | | | $0.00 |
| Sep | $257.00 | | | $0.00 |
| Oct | $257.00 | | | $0.00 |
| Nov | $257.00 | | | $0.00 |
| Dec | $257.00 | | | $0.00 |
| **Subtotals** | **$3,437.00** | **$444.61** | **$53.19** | **$0.00** |
| | | Total Expenses: | $3,934.80 | |
| | | Net Income: | ($3,934.80) | |

| 2005 | | | | |
|---|---|---|---|---|
| Month | Condo Fees Paid | Taxes Paid (Unit 1017) | Taxes Paid (Parking Space) | Rent Collected |
| Jan. | $257.00 | | | $0.00 |
| Feb. | $514.00 | | | $0.00 |
| Mar | $257.00 | | | $0.00 |
| Apr | $257.00 | | | $0.00 |
| May | | | | $0.00 |
| Jun | $514.00 | | | $0.00 |
| Jul | $514.00 | | | $0.00 |
| Aug | | | | $0.00 |
| Sep | | | | $0.00 |
| Oct | | | | $0.00 |
| Nov | | | | $0.00 |
| Dec | | | | $0.00 |
| **Subtotals** | **$2,313.00** | **$472.35** | **$54.13** | **$0.00** |
| | | Total Expenses: | $2,839.48 | |
| | | Net Income: | ($2,839.48) | |

## CONCLUSION

It is clear that DCHA has not met its burden of demonstrating that disabled Veteran has an "interest" in Unit 1017 nor has DCHA demonstrated that disabled Veteran has failed to report any income as defined and required by HUD and DCHA implementing regulations for HCVP. Accordingly, disabled Veteran respectfully requests that Office of Fair Hearing grant disabled Veteran Summary Judgment with respect to DCHA's Recommendation.

**In God we trust:**

Michael Sindram, Complainant/Disabled Veteran
6817 Georgia Avenue, N.W. #204
Washington, D. C. 20017
(202) 722-6281

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copy of foregoing Motion for Summary Judgment was delivered by hand this 10th day of October, 2006 to: Hans Froelicher, Chief of Litigation, DCHA-Central Office, 1133 N. Capitol St, N.E., Washington, D.C. 20002.

Michael Sindram

*Don't be like the wicked who scheme to rob an honest man or to take away his home.*
*No matter how often an honest man falls, he always gets up again; but disaster*
*destroys the wicked.*
Proverbs 24: 15-16 (TEV)

DISTRICT OF COLUMBIA HOUSING AUTHORITY
OFFICE OF "FAIR" HEARINGS

MICHAEL SINDRAM,

    Disabled Veteran/Complainant,

v.

    Case No.43-2006

DISTRICT OF COLUMBIA HOUSING AUTHORITY,
    Respondent.

\*        \*        \*        \*

## SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

DISABLED VETERAN/Complainant, Michael Sindram, *pro-se*, in his Supplemental Motion For Summary Judgment, states the following:

1. "Informal hearing memorandum" of District of Columbia Housing Authority (DCHA) hireling Henry J. Williams (Williams) of December 28, 2006 is not well-grounded in fact or warranted by existing law as more fully described below. Williams tends to inflate his status to represent the facts as he would like them to be rather than as they actually are. In light of Williams' erroneous decisions in Case Nos.0194-2005, 0041-2006, and 0234-2006 Williams cannot presumed to be impartial or free of bias. As a matter of fact and law Williams' "informal hearing memorandum" is thus void of legal force or effect.

2. As conceded by Williams, informal hearing procedures are governed by **Chapter 89 of Title 14 of District of Columbia Municipal Regulations (DCMR)**. As further stipulated by Williams, informal "hearing" convened in above-captioned matter on October 10, 2006. Section 8905.1 requires *"hearing officer [Williams] shall, within 14 days of hearing, make a proposed decision..."* making his "informal hearing memorandum" due no later than October 24, 2006. Consequently, Williams' "informal hearing memorandum" of December 28, 2006 is void of legal force or effect.

3. Section 8900.6 *"Applicants and participants have right to request a reasonable accommodation for a disability..."* was made for Disabled Veteran on June 4, 2002 by Legal Aid Society of District of Columbia (Exhibit 1). At no time has DCHA given Disabled Veteran his requested entitled reasonable accommodation to assist him with completion of complex DCHA "recertification checklist(s)" due to his diagnosed organic mental disorder to make Williams' "informal hearing memorandum" of December 28, 2006 void of legal force or effect.

4. Disabled Veteran filed his Motion For Summary Judgment on October 10, 2006 that remains pending and unacted upon and is adopted and incorporated herein by reference (Exhibit 2). No opposition having been filed by DCHA so that relief sought to be treated as conceded and should now be granted. Williams' "informal hearing memorandum" of December 28, 2006 is thus void of legal force or effect.

5. Signature of HCVP [housing choice voucher program] staff of January 25, 2006 recommending termination is Ellis Mitchell, Jr. (Mitchell). (Exhibit 3) At no time did Mitchell appear for "informal hearing" on October 10, 2006. **United States Constitution Amendment VI** *"to be confronted with witnesses against him"* in accordance with **Section 8904.1(c)** makes "informal hearing memorandum" of December 28, 2006 void of legal force or effect.

6. **United States Constitution Amendment VI** *"to have assistance of counsel for his defence"* in accordance with **Section 8904.1(d)** was frustrated and obstructed by DCHA "fair" hearing employee Ingrid Campbell who persisted to annoy, antagonize, harass, and intimidate Disabled Veteran's *pro bono* counsel at Reed Smith LLP to make them withdraw from the case and cripple entitlement to effective assistance of counsel so as to make Williams' "informal hearing memorandum" of December 28, 2006 void of legal force or effect.

7. Williams' "informal hearing memorandum" cites his legal authority "Under 24 CFR § 982.555(d)(5)" (p.3) however, no such section exists (Exhibit 4). **24 CFR § 982.555(d)** *Expeditious hearing process* requires *"PHA [public housing agencies] must proceed with hearing in a reasonably expeditious manner"* is obfuscated by DCHA wanton and willful rancorous malicious misconduct and total disregard of Disabled Veteran's constitutionally-guaranteed right to prepare for a well-informed "hearing" as required by **Section 8904.1(a)**. At one point Disabled Veteran was required to appear before D.C. Council Committee Chair Jim Graham to compel DCHA general counsel Margaret McFarland to give Disabled Veteran all discovery materials to include, but not limited to exculpatory documents, that DCHA continues to refuse to release to this Disabled Veteran, who has served our country more than most. DCHA continues to act in bad faith and lacks clean hands to make its "termination" of Disabled Veteran from HCVP arbitrary and capricious so as to satisfy an extra-judicial claim instituted as a private matter to achieve an end unintended by law and in fact having had that intended effect to make this Disabled Veteran homeless. Williams' "informal hearing memorandum" of December 28, 2006 is thus void of legal force or effect.

8. Memorandum of DCHA senior investigator David P. Davis of March 15, 2005 *"able to contact Mr. Saul A. Persaud, notary who notarized Mr. Sindram's Attorney-in-fact status that he presented on day of settlement. Mr. Persaud states after being faxed a copy of document that signature on document appears to be his and it appears that he did in fact notarized the document."* (p.4). DCHA confirms authenticity and validity of Disabled Veteran's Power-of-Attorney. **Maryland Code Estates and Trusts Title §13-601(c)** *"Any act done by attorney in fact or agent pursuant to power during any period of disability or incompetence or uncertainty as to whether the principal is dead or alive has same effect and inures to benefit of and binds principal as if principal were alive, competent, and not disabled."* (Exhibit 5). Williams' "informal hearing memorandum" of December 28, 2006 is thus void of legal force or effect.

9. **Maryland Code Estates and Trusts Title § 13-602(a)** *"The death, disability, or incompetence of a principal who has executed a power of attorney in writing does not revoke or terminate agency as to attorney in fact, agent, or other person who, without actual knowledge of death, disability, or incompetence of principal, acts in good faith under power of attorney or agency. Unless otherwise invalid or unenforceable, any action taken binds principal and his*

*heirs, legatees, and personal representatives."* (Exhibit 6) Contrary to Williams' unfounded assertion, deeded property to Antonio Almenara on September 30, 2005 remains recorded, ratified, and enrolled in Prince George's County, Maryland Circuit Court Land Records, Liber 23122 and Folio 729. Although Antonio Almenara (Almenara) was duly sworn to testify as witness on October 10, 2006 Williams refused to permit Almenara to testify in violation of **Section 8904.1(c)**. Presumptively, handwritten notation of "nephew and aunt" (p.10) is that of Williams. Animus of Williams is telling to further make his "informal hearing memorandum" of December 28, 2006 void of legal force or effect.

10. **Maryland Code Real Property Title § 4-107(c)** *"A power of attorney is deemed to be revoked when instrument containing revocation is recorded in office where deed should be recorded."* (Exhibit 7). DCHA/Williams is unable to propound any such revocation making his dubious conjecture speculative at best and certainly not proven by a "preponderance of evidence". Is Williams "hearing" officer or advocate/witness for DCHA to make his confused, convoluted and twisted "informal hearing memorandum" of December 28, 2006 void of legal force or effect.

11. As a matter of law and fact Disabled Veteran has complied fully with **24 CFR 982.551(b)** requiring complete and truthful disclosure of asset and information requested by a public housing authority. Disabled Veteran has supplied *"any information requested by the PHA"* and has repeatedly signed and submitted *"consent forms for obtaining information."* At all times hereto DCHA general counsel Keith Vancroft, compliance officer Maurice Cameron, and assigned housing specialist Jamieson Brown were all aware of 1836 Metzerott Rd., Unit 1017 and parking space, Adelphi, Maryland (Unit 1017) to now make DCHA "termination" of Disabled Veteran a ruse and pretext of Phillip Felts, Esq, (Felts) counsel for Borger Management (Borger) in its countless attempts to evict Disabled Veteran without cause since 2001. *See* Superior Court of District of Columbia Landlord Tenant Action Nos.01-6276, 01-7958, and 01-52970, *et al.*, captioned ***Borger Management v. Michael Sindram***, to make Williams' "informal hearing memorandum" void of legal force or effect.

12. Felts repeatedly wrote DCHA over the years to terminate Disabled Veteran. Felts represented Ian Andrews in matter captioned ***Michael Sindram v. Ian Andrews***, District Court of Maryland for Montgomery County Case No.060200121822004 wherein Court ruled Michael Sindram is not owner of Unit 1017 and has no standing. That ruling was affirmed on April 27, 2005 in Circuit Court for Montgomery County, Maryland Case No.DCA-6492. No matter what Disabled Veteran may believe given his organic mental disorder, DCHA/Williams failed to completely and truthfully record outcome of ***Michael Sindram v. Sandra Cook, et al.***, Prince George's County, Maryland Circuit Court Civil Action No.CAL04-13716, wherein the Court dismissed this case because Disabled Veteran does not own Unit 1017 and has no standing. *Res judicata* and estoppel clearly demonstrate Disabled Veteran owns no property and received no income. Moreover, as a matter of law and fact DCHA could not prove by preponderance of evidence Disabled Veteran received any unreported income and/or owns any property to make Williams' "informal hearing memorandum" of December 28, 2006 void of legal force or effect.

13. DCHA "recertification checklist" of November 28, 2005 now includes question A-2: "Do you or any household member own or have a legal interest in any type of real estate, property or land?" (p.7) Prior to that date this question was not included in any original "checklist" and/or

"recertification checklist" given Disabled Veteran by DCHA. Disabled Veteran answered question A-2 completely and truthfully to make Williams' "informal hearing memorandum" of December 28, 2006 void of legal force or effect.

14. Assuming *arguendo*, Disabled Veteran had received any income from Unit 1017, **24 CFR § 982.552(c)(2)(i)** *"The PHA may consider all relevant circumstances...mitigating circumstances related to the disability of a family member, and effects of denial or termination of assistance"* and **24 CFR § 982.552(c)(2)(iv)** *"If family includes a person with disabilities, PHA decision concerning such action is subject to consideration of reasonable accommodation..."* has yet to be complied with by Williams/DCHA (Exhibit 1) to unduly prejudice Disabled Veteran and to cause Disabled Veteran undue burden, expense, and hardship. **24 CFR § 5.609(c)** *"Annual income does not include the following: (4) Amounts received by family that are specifically for, or in reimbursement of, cost of medical expenses for any family member; (6) "...full amount of student financial assistance paid directly to student"; (11) "Earnings in excess of $480 for each full-time student 18years old or older".* As DCHA/Williams knows, or should know, Disabled Veteran is a traditional full-time student at University of District of Columbia. (Exhibit 8). Williams' "informal hearing memorandum" of December 28, 2006 is thus void of legal force or effect.

15. **Section 8901.1** *"DCHA will attempt to informally resolve following types of complaints, including those listed below: (a) Complaints from families when family or applicant disagrees with an action or inaction of DCHA or owner; (c) Complaints or referrals from persons in community* **[Felts/Borger]** *in regard to DCHA, a family or applicant, or an owner."* Current DCHA housing specialist Jeanette Brittingham (Brittingham) stipulates Disabled Veteran can amend his "recertification checklist" and submit an interim report. DCHA Brittingham states this is often done by other HCVP participants and there is no reason Disabled Veteran cannot participate accordingly. Because DCHA general counsel Hans Froelicher (Froelicher) has been reported to D.C. Bar Counsel (Bar) for number of unlawful acts and violations of Rules Governing the Bar and Professional Conduct in cases against Disabled Veteran, Froelicher now retaliates against Disabled Veteran to commence HCVP termination without attempt to informally resolve same. DCHA/Williams has set for Disabled Veteran a different standard as opposed to others similarly situated in violation of D.C. Human Rights Act of 1977. Williams' "informal hearing memorandum" of December 28, 2006 is thus void of legal force or effect.

16. Specious on its face is Williams' "explanation" of adverse possession (p.13). *"Adverse possession is established by proof of hostile, actual, open, continuous, and exclusive possession of land for 15 years or more."* <u>Grubb v. State</u>, 433 N.W.2d at 917-18 (Minn. App. 1988), review denied (Minn. Feb. 22, 1989). Williams misstatement of law and fact to further hold void of legal force or effect his "informal hearing memorandum" of December 28, 2006.

WHEREFORE, good cause having been shown and premises considered, Order should now pass of Executive Director Michael Kelly as follows:

1. "Informal hearing memorandum" of December 28, 2006 is held void of legal force or effect;

5

2. DCHA now required to reasonably accommodate Disabled Veteran pursuant to law to include, but not limited to, assistance completing "recertification checklist";

3. DCHA now required to reimburse Disabled Veteran for cost of medical expenses;

4. Such other and further relief as to Executive Director Kelly appears just and proper.

In God we trust:

*Michael Sindram*

Michael Sindram, Disabled Veteran
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012
(202)722-6281

## RENEWED REQUEST FOR EXPEDITED HEARING

Renewed request for expedited hearing made to all issues herein to be advanced on the calendar to earliest practicable date to aid in the decisional process.

*Michael Sindram*
Michael Sindram

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copy of foregoing Supplemental Motion For Summary Judgment was delivered *by-hand* this 16th day of January, 2007 to: Watson Fennell, Jr., "Fair" Hearings Administrator, Office of "Fair" Hearings, Room #317, District of Columbia Housing Authority, 1133 North Capitol St., N.E., Washington, D.C. 20002-7599; and to Clerk's Office, United States District Court for District of Columbia, 3rd & Constitution Ave., N.W., Washington, D.C. 20001, ATTN: Civil Action #061952RBW

*Michael Sindram*
Michael Sindram

*Don't be like the wicked who scheme to rob an honest man or take away his home. No matter how often an honest man falls, he always gets up again; but disaster destroys the wicked.*
Proverbs 24:15-15 (TEV)

*Take the impurities out of silver and artist can produce a thing of beauty. Keep evil advisers away from king [executive director] and his government [DCHA] will be known for its justice.*
Proverbs 25:4-5 (TEV)

6

*You go to court, but **you** do not have justice on your side. **You** depend on lies to win **your** case. **You** carry out your plans to hurt others. Evil plots **you** make are as deadly as eggs of a poisonous snake. Crush an egg, out comes a snake! But **your** plots will do **you** no good—they are as useless as clothing made of cobwebs! **You** are always planning something evil, and **you** can hardly wait to do it. **You** never hesitate to murder innocent people. **You** leave ruin and destruction wherever **you** go, and no one is safe when **you** are around. Everything **you** do is unjust. **You** follow a crooked path, and no one who walks that path will ever be safe.*
Isaiah 59:4-8 (TEV)

*Make it **your** aim to do what is right, not what is evil, so that **you** may live. Hate what is evil, love what is right, and see that justice prevails in the courts...let justice flow like a stream, and righteousness like a river that never goes dry.*
Amos 5:14a, 15a, 24 (TEV)

*Do for others what **you** want them to do for **you**!*
Matthew 7:12a (TEV)