UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Michael Sindram,**<br>       **Plaintiff,**<br><br>v.<br><br>**Michael Kelly,**<br>       **Defendant.** | )<br>)<br>)<br>)<br>)      1:06cv01952<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT MICHAEL KELLY'S MOTION TO DISMISS COMPLAINT

Michael Kelly ("Defendant") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure hereby moves for an order of dismissal of Michael Sindram's ("Plaintiff") complaint on the ground that Plaintiff failed to state a claim for which relief may be granted. In support of this Motion, Defendant submits the attached Memorandum of Points and Authorities and Proposed Order.

Respectfully submitted

**Michael Kelly**

By: *Frederick A. Douglas*

Frederick A. Douglas (Bar No. 197897)
Douglas & Boykin PLLC
1850 M Street, NW
Suite 640
(202) 776-0370
(202) 776-0975 (fax)
*Attorneys for Michael Kelly*

Date: April 4, 2007

1

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Michael Sindram,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | 1:06cv01952 |
| ) | |
| **Michael Kelly,** ) | |
|     **Defendant.** ) | |
| ) | |

**POINTS AND AUTHORITY'S IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**

**I.   INTRODUCTION**

Michael Sindram filed suit against Michael Kelly, the Executive Director of the District of Columbia Housing Authority, in his personal capacity alleging that Mr. Kelly violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165. However, for the reasons stated herein, Michael Kelly respectfully submits that Mr. Sindram's Complaint must be dismissed because it failed to state a claim for which relief may be granted.

**II.   ARGUMENT**

A.   **STANDARD FOR GRANTING A MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Mr. Sindram's complaint against Mr. Kelly should be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a 12(b)(6) motion, the Court must accept the allegations in Mr. Sindram's complaint as true and construe all facts in favor of the Mr. Sindram. Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan,

2

115 F.3d 1020, 1027 (D.C. Cir. 1997). Dismissal of a complaint is proper under 12(b)(6) where "[Mr. Sindram] can prove no set of facts in support of [his] claim which would entitled [him] to relief." Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. 2003).

The Court holds a *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers. Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 n.2 (D.D.C. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (U.S. 1972)). However, although a court will read a *pro se* complaint liberally, the complaint still must present a claim on which the court can grant relief. Crisafi v. Holland, 655 F.2d 1305, 1308 (D.D.C. 1981). A court's duty to construe a *pro se* complaint liberally does not permit a court to uphold completely inadequate complaints. McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) ("[w]hile a *pro se* complaint is held to less stringent standards than one drafted by an attorney, courts need not conjure up unpleaded facts to support conclusory allegations").

B.   MR. SINDRAM'S SUIT AGAINST MICHAEL KELLY, IN HIS INDIVIDUAL CAPACITY, MUST BE DISMISSED.

Title II of the ADA, 42 U.S.C. §§ 12131-12165, prohibits any public entity from discriminating against any qualified individual with a disability in the provision or operation of public services, programs, or activities. The term public entity means "any State or local government" as well as "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A) and (B). A qualified individual with a disability means:

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary

3

> aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

Id. § 12131(2).

Mr. Sindram's Complaint, which alleged violation of Title II of the ADA, should be dismissed because the statute does not provide relief against Michael Kelly as an individual. It is undisputed that Mr. Kelly is the Executive Director of DCHA and that DCHA is a public entity as defined by Title II of the ADA. However, Mr. Sindram filed his reasonable accommodation and retaliation claim against Mr. Kelly in his personal capacity.

The ADA does not impose personal liability. Amariglio v. AMTRAK, 941 F. Supp. 173, 178 (D.D.C. 1996). When a suit is brought under Title II of the ADA, "the proper defendant is usually[1] an organization rather than a natural person." Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000). Since Title II of the ADA forbids discrimination by "any public entity," the proper defendant is that "entity." Id. (internal quotations and citation omitted). One cannot sue a public entity's employee in their personal capacity because "the ADA addresses its rules to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations." Id.

Moreover, under the ADA, institutions, not their employees, are the ones who lease, own, or operate places of public accommodation; therefore, the institutions are

---

[1] Case law of the Seventh Circuit recognizes suit for prospective injunctive relief against state officials who were sued in their official capacity. See Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 374 n.9 (2001); Bruggeman ex rel. Bruggeman v. Blagojevich, 324 F.3d 906, 912-13 (7th Cir. 2003). In this case, however, Mr. Sindram sued Mr. Kelly in his personal capacity. Moreover, in his complaint, Mr. Sindram is seeking monetary damages as oppose to equitable relief.

subject to ADA liability. <u>Steere v. George Wash. Univ.</u>, 368 F. Supp. 2d 52, 57 (D.D.C. 2005). In other words, the ADA takes into account that, "[i]t is the institution [that] has the power to make accommodations." <u>Id.</u> at 58 (internal quotations and citation omitted).[2]

In this case, Mr. Sindram seeks enforcement of the ADA's provisions against Michael Kelly in his individual capacity because, "it appears that [D]efendant instead required his subordinates under [the] doctrine of *respondeat superior* to have additional correspondence sent to Mr. Sindram as a precautionary measure to insulate [D]efendant from further liability…" (Compl. at ¶ 4). Mr. Sindram's conjecture aside, his complaint must be dismissed because he stated a claim against Mr. Kelly, in his individual capacity, for which the ADA does not provide any relief.

### III.   CONCLUSION

The ADA does not impose personal liability. Accordingly, for reasons stated herein, Mr. Sindram's Complaint must be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted,

By: *Frederick A. Douglas*
Frederick A. Douglas (Bar No. 197897)
Douglas & Boykin PLLC
1850 M Street, NW
Suite 640
(202) 776-0370
(202) 776-0975 (fax)
*Attorneys for Michael Kelly*

Date: April 4, 2007

---

[2] Mr. Sindram did not aver that Mr. Kelly owned, leased, or operated a place of public accommodation. Instead, Mr. Sindram acknowledges that Mr. Kelly is an employee of DCHA. (<u>Id.</u> at ¶ 3). In addition, Mr. Sindram also recognized that pursuant to the ADA, a public entity and not Mr. Kelly must "make reasonable modifications in policies, practices, or procedures." (<u>Id.</u>).

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Michael Sindram,**<br>　　　　**Plaintiff,**<br><br>v.<br><br>**Michael Kelly,**<br>　　　　**Defendant.** | )<br>)<br>)<br>)<br>)　　1:06cv01952<br>)<br>)<br>)<br>)<br>) |

### ORDER

Upon consideration of Michael Kelly's Motion to Dismiss for Failure to State a Claim for Which Relief Can Be Granted, and any Opposition thereto, it is this ___ day of _____ 2007,

ORDERED that judgment in favor of Michael Kelly is **GRANTED**; and it is further

ORDERED that Michael Sindram's Complaint is dismissed with prejudice.

**SO ORDERED.**


_____
Judge Reggie B. Walton,
United States District Court for the District of Columbia


Copy to:

Michael Sindram　　　　　　　　　　　　　Frederick A. Douglas
6817 Georgia Ave., N.W. # 204　　　　　　　Douglas & Boykin PLLC
Washington, D.C. 20012　　　　　　　　　　1850 M Street, NW Ste. 640
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20036

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of April 2007, a true and correct copy of the foregoing Michael Kelly's Motion to Dismiss for Failure to State A Claim for Which Relief Can Be Granted was sent via United States mail, postage prepaid to:

Michael Sindram
6817 Georgia Ave., N.W. # 204
Washington, D.C. 20012

*Frederick A. Douglas*
Frederick A. Douglas

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Michael Sindram,**<br>　　　**Plaintiff,**<br><br>v.<br><br>**Michael Kelly,**<br>　　　**Defendant.** | )<br>)<br>)<br>)<br>)　　1:06cv01952<br>)<br>)<br>)<br>)<br>) |

## ORDER

Upon consideration of Michael Kelly's Motion to Dismiss for Failure to State a Claim for Which Relief Can Be Granted, and any Opposition thereto, it is this ___ day of _____ 2007,

ORDERED that judgment in favor of Michael Kelly is **GRANTED**; and it is further

ORDERED that Michael Sindram's Complaint is dismissed with prejudice.

**SO ORDERED.**


　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Judge Reggie B. Walton,
　　　　　　　　　　　　　　　　　　　United States District Court for the District of Columbia

Copy to:

Michael Sindram　　　　　　　　　　　　　　Frederick A. Douglas
6817 Georgia Ave., N.W. # 204　　　　　　　Douglas & Boykin PLLC
Washington, D.C. 20012　　　　　　　　　　1850 M Street, NW Ste. 640
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20036