*leave to file is granted*
*Judge Walton*
*4/10/07*

## UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM,
        Plaintiff,

v.   Civil Action No.06-1952(RBW)

MICHAEL KELLY,
        Defendant.

\*   \*   \*

## OPPOSITION TO MOTION FOR ENLARGEMENT OF TIME TO FILE ANSWER; SUPPLEMENTAL MOTION FOR EXPEDITED HEARING ON MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR RELATED RELIEF

    Plaintiff, Michael Sindram, *pro-se*, in his Opposition To Motion For Enlargement Of Time To File Answer; Supplemental Motion For Expedited Hearing On Motion For Temporary Restraining Order And For Related Relief, states as follows:

    1. Complaint and Motion For Temporary Restraining Order were filed with the Court on October 10, 2006. Defendant's ***dilatory*** motion for enlargement of time to file answer was received March 2, 2007 **(Exhibit 1)**.

    2. Housing Regulation Rent Administrator Proposed Decision And Order of February 28, 2007 states in part, "The housing provider/respondent retaliated against Tenant/Petitioner by **repeatedly** not making timely repairs in Tenant /petitioners rental unit… **FURTHER ORDERED** that: housing provider/respondent shall cease and desist from retaliating against Tenant/Petitioner by not making timely repairs to Tenant/Petitioner's rental unit and…" **(Exhibit 2)**. In violation of law of this Case defendant in concert with landlord continues not to make timely repairs to Plaintiff's broken window during current frigid temperature of winter **(Exhibit 3)**. Nexus between landlord and defendant is conceded in letter from landlord of March 1, 2007 **(Exhibit 4)** and letter from defendant of February 22, 2007 **(Exhibit 5)**. Defendant's unconstitutional arbitrary and capricious retaliatory acts are in clear violation of D.C. Human Rights Act of 1977 and violative of Plaintiff's civil rights cognizable under 42 U.S.C. §§ 1981 and 1983 *et seq*.

    3. Plaintiff is likely to prevail on merits in this weighty cause of action. Plaintiff is in danger of suffering irreparable harm [cold outside and being homeless ain't no joke!] If this relief is not granted, more harm will result to Plaintiff than result to defendant if this relief is granted. Public interest will be disserved by failure to grant this relief on behalf of this disabled Veteran, who has served our country more than most!

**Conclusions of Law:**

1. Tenant/Petitioner has failed to meet his burden of proof in accordance with 14 DCMR § 4003.1 to demonstrate that Housing Provider/ Respondent has substantially or permanently reduced related services in Tenant/Petitioner's rental unit.

2. Housing Provider/Respondent has retaliated against the Tenant/Petitioner in violation of D.C. Official. Code 2001 Ed. § 42-3505.02 (2001) and shall be fined pursuant to D.C. Official Code § 42-3 509.01 (2001).

Sindram v. Borger Mgmt., Inc., TP 28,028 (RACD Sept. 14, 2004) at 9.

On September 22, 2004, the Housing Provider/Respondent filed a notice of appeal with the Commission and the Commission considered the following issues:

1. The Hearing Examiner erred in relying upon unreliable and unsubstantiated hearsay testimony presented by the Tenant/Petitioner.

2. The Hearing Examiner erred in concluding that the Housing Provider/Respondent had retaliated in this case.

3. The assessment of a fine by the Hearing Examiner was arbitrary, capricious and legally erroneous.

Housing Provider/Respondent Notice of Appeal at 1.

On March 14, 2005, the Commission held the appellate hearing on TP 28,028 and it issued a decision and order on June 1, 2005, which contained the following:

1. The Commission affirmed in part, and reversed and remanded, in part the Hearing Examiner's decision and order.

2. The Commission found that the Hearing Examiner did not err in relying upon hearsay testimony presented by the Tenant/Petitioner and that issued was dismissed.

3. The Commission denied the Housing Provider/Respondent's issues two (2) since if concluded that the Hearing Examiner also did not err in concluding that the Housing Provider had retaliated against the Tenant/Respondent in the instant case.

4. The Commission reversed the fine assessed to the Housing Provider/Respondent and remanded the TP back to the Hearing Examiner since he failed to make any findings of fact or conclusions of law on whether or not the Housing Provider/Respondent acted willfully in its actions against the Tenant/Petitioner.

5. The Commission remanded the TP 28,028 for further findings of fact and conclusions of law by the Hearing Examiner on whether the Housing Provider acted willfully when it violated the Act.

Sindram v. Borger Mgmt., Inc., TP 28,028 (RHC June 1, 2005) at 8.

### Issue Presented

1. **Whether there is sufficient evidence on the record that the Housing Provider/Respondent acted willfully when it retaliated against the Tenant/Petitioner in violation of the Act?**

### Evaluation and Analysis of the Evidence

The Commission in its order and decision stated that the Act provides that "[a]ny person who willfully…commits any…act in violation of any provision of this chapter or of any final administrative order issued under this chapter… shall be subject to a civil fine of not more than $5,000 for each violation." D.C. Official Code §42-3509.01(b) (2001). Moreover, in Quality Mgmt., Inc. v. District of Columbia Rental Hous. Comm'n, 505 A.2d 73 (D.C. 1986), the District of Columbia Court of Appeals stated in its opinion that "[f]rom the context it is clear that the word "willfully" as used in § [42-3509.01(b)] demands a more culpable mental state than the word "knowingly" as used in § [42-3509.01(a)]." Id at 76. In other words, the term "willfully" in § 42-3509.01(b) relates to whether or not the person committing the act intended to violate the law. Id at 76. For example, if the housing provider's actions were actually in response to a tenant's actions, that may be considered willful; however, if the housing provider's actions were merely coincidental, they would not be considered willful. Borger Mgmt. Inc. v. Sindram, TP 28,028 (RHC June 1, 2005) at 7. Thus, simply doing the act, but without intending to violate the law, would be knowingly, but not willfully. Id at 7.

In the instant case, the evidence in the record shows that the Tenant/Petitioner filed previous tenant petitions with the RACD against the Housing Provider/Respondent concerning repairs to his rental unit. Sindram v. Borger Mgmt., Inc., TP 28,028 (RACD Sept. 14, 2004) at 7. The Hearing Examiner found that since the Tenant/Petitioner filed previous tenant petitions it created a presumption that the repairs were requested and perhaps not provided as a result of the Tenant/Petitioner's constant complaints. Id at 7. Moreover, the Hearing Examiner found that the Housing Provider/Respondent failed to show any rebuttal evidence on the presumptions. Id at 7. Therefore, the Hearing Examiner found that the Housing Provider/Respondent retaliated against the Tenant/Petitioner by not making timely repairs in the Tenant/Petitioners rental unit. Id at 7.

In addition, the testimonial and document evidence shows that the Housing Provider/Respondent charged the Tenant/Petitioner a fee for lost key services when it did not charge other tenants in the housing accommodation a similar fee for the same services. The hearing examiner found that this action by the Housing

Provider/Respondent constituted retaliatory action against the Tenant/Petitioner. <u>Sindram v. Borger Mgmt., Inc.</u>, TP 28,028 (RACD Sept. 14, 2004) at 7. Thus, it is uncontested that the Housing Provider/Respondent retaliated against the Tenant/Petitioner by not making timely repairs to the Tenant/Petitioner's rental unit and by charging him a fee for a lost key when other tenants are not assessed the same fee.

Therefore, the hearing examiner finds that the housing providers repeated failure to make repair and by charging him a fee for a lost key when other tenants are not assessed the same fee is sufficient evidence on the record that the Housing Provider/Respondent wilfully violated the Act and therefore, the requirements for imposing a fine pursuant to § 42-3509.01(b) are met and a fine will be imposed. Therefore, the Hearing Examiner affirms its decision to assess a fine on the Housing Provider/Respondent in the amount of $1000.00 since, it wilfully violated the act when it charge the Tenant/Petitioner for a loss key and did not charge any of its other tenant for the same service. <u>Borger Mgmt. Inc. v. Sindram</u>, TP 28,028 (RACD Sept. 14, 2004) at 9.

### Findings of Fact

After a careful evaluation of the evidence, the Acting Rent Administrator finds, as a matter of fact, the following:

1. All other Findings of Fact made by the Hearing Examiner in previous Decision and Order on this TP that are not in conflict are incorporated by reference in this section of **Findings of Fact**.

2. The record shows that the Tenant/Petitioner filed previous tenant petitions with the RACD against the Housing Provider/Respondent concerning repairs to his rental unit.

3. The Housing Provider/Respondent retaliated against the Tenant/Petitioner by **repeatedly** not making timely repairs in the Tenant/Petitioners rental unit.

4. The Housing Provider/Respondent charged the Tenant/Petitioner a fee for a lost key when it did not charge the other tenants in the housing accommodation a similar fee for the same services.

5. No rebuttal evidence by the Housing Provider/Respondent exists in the record that rebuts the presumptions that it purposely retaliated against the Tenant/Petitioner by charging him a fee and not making timely repairs to his rental unit.

### Conclusions of law

After a careful evaluation of the evidence and findings of facts, the Acting Rent Administrator makes the following conclusions of law.

1. All other conclusions of law made by the hearing examiner in previous Decision and Order on this TP that are not in conflict are incorporated by reference in this section of **Conclusions of Law.**

2. The hearing examiner finds that the Housing Provider/Respondent repeatedly failed to make repairs and there is sufficient evidence on the record that the Housing Provider/Respondent wilfully violated the Act.

3. The hearing examiner finds that the requirements for imposing a fine pursuant to § 42-3509.01(b) are met and a fine will be imposed.

4. The Housing Provider/Respondent in the amount of $1000.00 since, it wilfully violated the act when it charge the Tenant/Petitioner for a loss key and did not charge any of its other tenant for the same service and repeatedly did not make timely repairs in his rental unit.

## ORDER

IT IS ORDERED that: *FEB 28 2007*

The Housing Provider/ Respondent is hereby fined **ONE THOUSAND DOLLARS** **($1000.00)** payable to the Chief Financial Officer, Room 9600, 941 North Capital Street, NE, Washington, D.C. 20013-7200. All checks should be made to the D.C. Treasurer; it is

**FURTHER ORDERED** that:

The Housing Provider/Respondent shall ceases and desist from charging the Tenant/Petitioner a fee for lost key services when it does not charge other tenants in the housing accommodation a similar fee for the same services: and retaliating against the Tenant/Petitioner by not making timely repairs to the Tenant/Petitioner's rental unit and; it is

It is **FURTHER ORDERED** that:

The Proposed Decision and Order is effective immediately.

**Right to File Exceptions and Objections to Proposed Decision and Order**

Pursuant to 14 DCMR §3900.3 which provides that the "Rent Administrator shall issue written delegations of authority pursuant to the §204(d) of the Act to hearing examiners to hear administrative petitions and issue decisions and final orders on those petitions; Provided that the Rent Administrator shall delegate authority to issue final decisions and orders only with the formal occurrence of the Commission."

Moreover, pursuant to 14 DCMR §4012.4, under "the written delegation of authority issued under §3900.3, if the person who renders the decision and order is not the same person who has heard the evidence, then the procedures of D.C. [Official Code § 2-509(d)] shall be followed."

D.C. Official Code §2-509(d) "provides that whenever in an contested case a majority of those who are to render the final order or decision did not personally hear the evidence, no decision and order adverse to a party to the case shall be made until a proposed order or decision, including findings of facts and conclusions of law, has been served upon the parties and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to a majority of those who are render the order or the decision, who, in such case, shall personally consider such portions of the exclusive record, as provided in subsection (c) of this section, as may be designated by any party."

Therefore, the parties shall have ten (10) days to file exceptions and objections to the Proposed Decision and Order to the Rent Administrator.

Exceptions and Objections to the Rent Administrator's Proposed Decision and Order must be file-stamped with RACD, respectively, and served on opposing parties within ten (10) days of the date of Proposed Decision and Order of the Rent Administrator, on or before ___MAR 19 2007___, excluding Saturdays, Sundays, and holidays, and allowing three (3) additional days for mailing pursuant to 14 DCMR § 3912.5. All exceptions and objections shall be deemed filed when actually received and stamped by RACD during business hours (8:30 a.m. to 3:00 p.m.) on or before the due date.

Address any Exceptions and Objections to the Department of Consumer and Regulatory Affairs, Housing Regulation Administration, 941 North Capitol Street, N.E. Suite 7100, Washington, DC 20002;

If no Exceptions or Objections are filed on or before the deadline, the Proposed Decision and Order shall become a Final Decision and Order on ___MAR 20 2007___, the next business day following the deadline.

### Right to File Motion for Reconsideration or to Appeal Final Decision and Order

Any party who believes that the Final Decision and Order is either: (1) the result of a default judgment because that party failed to appear at the hearing; (2) contains typographical, numerical, or other technical errors; (3) contains clear error that is evident on its face; or (4) should be reconsidered because newly discovered evidence exists which could not have been discussed at the hearing, may file a Motion for Reconsideration with the Office of Adjudication.

Any party who believes this Decision and Order is not supported by the evidence before the Hearing Examiner or that the law was applied incorrectly, may request a review by

RACD or the Rental Housing Commission, by filing a Notice of Appeal. The notice must set forth the specific reasons for appeals, which must be based on the evidence in the official record or the application of law.

The filing of a Motion for Reconsideration shall stay the effectiveness of this Order until such time as the Rent Administrator rules upon the motion, or it is denied pursuant to 14 DCMR Sec. 4013.2.

Motions for Reconsideration and Appeals from the Rent Administrator's Decision and Order must be file-stamped with RACD or the Commission, respectively, and served on opposing parties within ten (10) days of the date of the Final Decision and Order of the Rent Administrator, on or before _____APR 6 2007_____, excluding Saturdays, Sundays, and holidays, allowing three (3) additional days for mailing pursuant to 14 DCMR § 3912.5. All pleadings and other filings shall be deemed field when actually received and stamped by the Office of Adjudication or the Commission during business hours (8:30 a.m. to 3:00 p.m.) on or before the due date.

Address any motion for reconsideration to:

> Department of Consumer and Regulatory Affairs
> Housing Regulation Administration
> 941 North Capitol Street, N.E Suite 7100
> Washington, DC 20002

Address any Notice of Appeal to:
> Rental Housing Commission
> 941 North Capitol Street, NE Suite 9200
> Washington, DC 20002

Motion for Reconsideration must be decide within ten (10) days from the date on which they are filed. If not ruling on the motion is issued within those ten (10) days, the motion is automatically denied.

The time for appeal does not run while a Motion for Reconsideration is pending. However, once a ruling on a Motion for Reconsideration is issued or the time to decide such a motion elapses, the ten (10) days to file an appeal begins to run again.

The failure of the party to file a timely appeal shall result in the waiver of the right to have this Decision reviewed by the District of Columbia Court of Appeals.

*[signature]*
KEITH ANDERSON, ESQUIRE
Acting Rent Administrator
DC Department of Consumer and Regulatory Affairs

TP 28,028
Page 9

Rental Accommodation and Conversion Division

## CERTIFICATE OF SERVICE

    I hereby certify that I caused to be mailed by US priority mail, with delivery confirmation, on FEB 28, 2007 and a copy of this proposed **REMAND** Decision and Order in the matter of TP 28,028 to the parties listed below:

Copies to:

Michael Sindram
6817 Georgia Avenue, N W #204
Washington, DC 20012

Richard W. Luchs, Esquire
Greenstein DeLorme & Luchs, P.C.
1620 L. Street, N.W., Suite 900
Washington, D.C. 20036-5605

_____
Certifying Party

Fed Tax ID: 52-0888057

P/O #: SHELIA  
Taken By: DEBBIE  
Installer:  
SalesRep:

Cust State Tax ID:  
Cust Fed Tax ID:  
Ship Via:  
Adv. Code:

Workorder: 36066  
Date: 2/23/2007  
Time: 10:56 AM

**Bill To: BORGERMA**

BORGER MANAGEMENT, INC.  
1111 14TH ST NW  
SUITE 200  
WASHINGTON, DC 20005

(202) 898-1880   JOB SITE: (202) 882-1909   FAX: (202) 898-15

**Sold To: BORGERMA**

NORMANDY APTS  
6817 GEORGIA AVE NW  
APT #204  
WASHINGTON, DC

| Qty | Part Number | Description |
|---|---|---|

(0 hrs) (Not Completed) (Mobile)  Instructions: 2/23/07 - SHELIA - 10:55AM

APT #204: HAS SOME WINDOWS THAT NEED TO BE REPLACED. *NOTE* DO NOT DISCUSS PRICING WITH CUSTOMER.

BEDROOM

1 - 29 7/8" x 28 1/2"   5/8" IG UNIT

Contractor will return to replace glass on 3/2/07. You should be okay because you have second pane still intact

Customer's Signature: Sheela Groves

- Ex. 3 -

[Handwritten note, partially redacted:]
2-26-07
Res Mr. Groves
Greetings in Name of our Lord and Savior Jesus the Christ! Frigid temperature drop at night exacerbates my medical condition and [illegible] my pain. Kindly repair as soon as possible. I have to [illegible] all pains [illegible] Michael Jordan
DATE BROKEN WINDOW REPAIRED



**BORGER**
management inc.

March 1, 2007

Michael Sindram
6817 Georgia Avenue, NW
Apt. 204
Washington DC  20012

Dear Mr. Sindram

Please be advised that effective **April 1, 2007** your monthly rent has changed to **$833.00** per month. The reason for this change is that the District of Columbia Housing Authority (DCHA) Housing Voucher Program (HCVP) has terminated the HAP contract we currently hold with you.

**As of March 31, 2007 DCHA/HCVP will make no further payments on your behalf.**

Sincerely,

Perry Wright
Property Manager



- Ex. 4 -

*Phil Telts*



# DISTRICT OF COLUMBIA HOUSING AUTHORITY
1133 North Capitol Street, NE, Washington, DC 20002

February 22, 2007

Normandie, LLC
1111 14th Street, NW
Suite 200
Washington, DC 20005

    Participant Name:    **Michael Sindram**
    Unit Address:    **6817 Georgia Avenue, NW # 204**

Dear Management:

This is to advise you that effective **March 31, 2007,** the District of Columbia Housing Authority (DCHA) Housing Choice Voucher Program (HCVP) will terminate the HAP contract we currently hold with you for the assisted family **Michael Sindram** for the assisted unit located at **6817 Georgia Avenue, unit 204.** This action is being taken because of the following reason(s):

**Reason for Termination: 24CFR parts 982.551 (2)** – The family must supply any information requested by the PHA or HUD for use in regularly scheduled re – examinations or interim re-examinations of the family income and compositions in accordance with HUD requirements.

As required by the Hap contract you hold with **DCHA** you are notified that the **DCHA/HCVP** terminates the HAP contract effective on the date stated above. No further payments will be made on this HAP Contract after the effective date of the termination.

The **DCHA** looks forward to your continued participation in the **HCVP**. Should you have any questions or concerns, please feel free to contact the Compliance Department at **(202) 435 - 3395**.

Sincerely,

*[signature]*

**Cedric Wormley**
**Compliance Supervisor**
Housing Choice Voucher Program

- Ex. 5 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL SINDRAM,<br>6817 Georgia Avenue, N.W.<br># 204<br>Washington, DC 20012,<br>(202) 722-6281<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL KELLY,<br>1133 North Capitol Street, N.E.<br>Washington, DC 20002,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:06cv01952<br>Judge: Reggie B. Walton |

## MOTION FOR ENLARGEMENT OF TIME TO FILE ANSWER

COMES NOW, Michael P. Kelly, Defendant herein, and pursuant to Federal Rule of Civil Procedure 6(b), moves for an enlargement of time for a period of thirty (30) days in which to file an Answer in the above-captioned matter. In support of the instant motion, Defendant proffers the following reasons that such enlargement is necessary:

1.   The Complaint in the instant matter was filed with the Court on or about November 15, 2006.

2.   Service of the Complaint was effected on February 8, 2007.

3.   Counsel for Defendant relocated its offices on February 26, 2007; counsel's office ceased operation for the move on February 23, 2007 at approximately 4:00 p.m.

4.   Since reopening for business on February 26, 2007, counsel for Defendant was unable to reestablish telephone communications until approximately


-Ex/-