UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM,
           Disabled Veteran/Plaintiff,

v.                                                                            Civil action No.06-1952(RBW)

MICHAEL KELLY,
           Defendant.

\*                       \*                       \*                       \*

<u>**MOTION FOR JUDGMENT ON PLEADINGS AND FOR RELATED RELIEF**</u>

    **DISABLED VETERAN**/Plaintiff, Michael Sindram, *pro-se*, in his Motion For Judgment On Pleadings And For Relief, states as follows:

    1. Defendant Michael Kelly's "motion to dismiss complaint" of April 4, 2007 fails to address, answer, and/or defend against Plaintiff's weighty Verified Complaint: *"In addition, Plaintiff's actual and anticipated out-pocket medical expenses have yet to be verified by defendant to offset his [Plaintiff] portion of rent. In retaliation for having asserted his [Plaintiff] constitutionally-guaranteed rights defendant has set out to satisfy an extra-judicial claim instituted as a private matter to achieve an end unintended by law and in fact having had that intended effect not only to refuse Plaintiff his ADA reasonable accommodations but also to make Plaintiff become homeless."* (Compl. at ¶ 4). In light of defendant's failure to answer relief sought to be treated as conceded and should now be granted. Accordingly, as there are no material facts that can be in dispute, disabled Veteran is therefore entitled to judgment as a matter of law. ***Puma v. Sullivan***, 746 A.2d 871, 874 (D.C. 2000).

    2. Defendant argues that he cannot be sued in his individual right and capacity for his numerous violations of Americans with Disabilities Act of 1990 (ADA). What defendant fails to articulate is defendant's personal action under *respondeat superior* to unconstitutionally terminate Plaintiff from housing assistance that Plaintiff has received since November, 2000. See defendant's "hearing decision" of January 30, 2007. Defendant has now made this disabled Veteran, who has served our country more than most, homeless! [Cold outside and being homeless ain't no joke!]

    3. Defendant's "hearing decision" of January 30, 2007 is not well-grounded in fact or warranted by existing law but rather regurgitates prior kangaroo court "decisions" of defendant to achieve an end unintended by law and in fact having had that intended effect to violate Plaintiff's civil rights cognizable under 42 U.S.C. §§ 1981 and 1983, *et seq*.

    4. Defendant has set for Plaintiff a different standard as opposed to others similarly situated in violation of **District of Columbia Human Rights Act of 1977**. Defendant has also muzzled Plaintiff's free speech rights on an ongoing regular basis at monthly public meetings at defendant's "office" violative of **U.S. Const. Amend I**.

5. Defendant's disingenuous representation to this Honorable Court in footnote 1 of his "motion to dismiss complaint": "Mr. Sindram is seeking monetary damages as oppose to equitable relief" fails to take into account **Plaintiff's Motion For Temporary Restraining Order And For Related Relief** of October 10, 2006 and **Plaintiff's Supplemental Motion For Expedited Hearing On Motion For Temporary Restraining Order And For Related Relief** of March 2, 2007. Plaintiff has set forth grounds in those respective Motions for equitable remedies of contract *quantum meruit*, reformation, rescission/restitution, and/or specific performance. As a matter of law Plaintiff is entitled to one, some, or all listed equitable remedies as more fully described in his Pleadings and Motions adopted and incorporated herein by reference. In light of defendant's failure to answer relief sought to be treated as conceded and should now be granted. Plaintiff is likely to prevail on merits in this weighty cause of action. Plaintiff is in danger of suffering irreparable harm during dormancy of this action if this relief is not granted. [Being homeless ain't no joke!] If this relief is not granted, more harm will result to Plaintiff than result to defendant if this relief is granted. Public interest will not be disserved by granting of this relief to maintain status quo. Granting of this relief is practical, non-illusory, and requires all terms and conditions of Plaintiff's contract to be fulfilled (now materially breached by defendant!)

6. Defendant's additional disingenuous representation in footnote 2 of his "motion to dismiss complaint": "Mr. Sindram did not aver that Mr. Kelly owned, or operated a place of public accommodation." fails to address defendant's operation of 1133 North Capitol St., N.E., Washington, D.C., conceded as a "place of public accommodation" by his own "motion to dismiss complaint."

7. Defendant's wanton and willful rancorous malicious misconduct and total disregard of Plaintiff's constitutionally-guaranteed rights to be adequately housed has resulted in immediate and irreparable injury, loss, and damage to Plaintiff to make him become homeless! Notwithstanding, defendant's termination of Plaintiff's housing rights, defendant further overcharged disabled Veteran in excess of Seven Thousand Dollars ($7,000.00+) rent amount for which defendant has yet to reimburse Plaintiff. When rights of *one* are violated rights of *all* are endangered! Injustice *anywhere* is a threat to justice *everywhere*! [Martin King]

8. In a per curiam Opinion, expressing unanimous views of United States Supreme Court, it was held that since it did not appear beyond doubt that Plaintiff could prove no set of facts in support of his claim which would entitle him to relief, he was entitled to an opportunity to offer proof. **Haines v. Kerner**, 404 U.S. 519 (1972). Moreover, United States Supreme Court holds allegations of a *pro-se* Complaint to less stringent standards than formal pleadings drafted by lawyers. *Id.* The Fourth Circuit has recognized an *"indisputable desire that those litigants with meritorious claims should not be tripped up in court on technical niceties."* **Beaudett v. City of Hampton**, 755 F.2d 1277-78 (citing **Gordon v. Leeke**, 574 F.2d 1147 [4th Cir. 1978]). Plaintiff eagerly awaits his day in court in pursuit of right, reason, and fairness to be adequately housed and reimbursed by defendant. [Cold outside and being homeless ain't no joke!] Indeed, justice delayed is "just-ice" denied!...

9. Defendant's wanton and willful rancorous malicious misconduct and total disregard of this disabled Veteran's constitutionally-guaranteed rights are "in the 'clear absence of jurisdiction'" violating due process requirements, fundamental fairness, equal protection of law, and equal

CLERK
MAYER-WHITTINGTON
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
RECEIVED

protection under law. *William v. Rappeport*, 699 F.Supp. 501, 506 (D.Md. 1988) quoting from *Stump v. Sparkman*, 435 U.S. 349, 356-7, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978), "...*immunity was not designed to insulate anyone from all aspects of public accountability.*" 409 U.S. at 31. It is now high time for this Court to step up and render justice (as opposed to "just-ice") for this disabled Veteran, who has served our country more than most! Cold outside and being homeless ain't not joke!

WHEREFORE, good cause having been shown and premises considered, Order should now pass:

1. Denying defendant's frivolous vexatious "motion to dismiss complaint";
2. Granting Plaintiff's Motion For Temporary Restraining Order And For Related Relief;
3. Granting Plaintiff's articulated particularized requests for equitable remedies;
4. Expediting hearing in open court to be advanced on calendar to earliest practicable date to aid in the decisional process [Cold outside and being homeless ain't no joke!];
5. Such other and further relief as to this Court appears just and proper.

**In God we trust:**

*Michael Sindram*
Michael Sindram, **Disabled Veteran**/Plaintiff
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012
(202)722-6281

**RENEWED REQUEST FOR EXPEDITED HEARING**

In light of time sensitive issue [Cold outside and being homeless ain't no joke!] expedited hearing to be advanced on Court's calendar to earliest practicable date to aid in the decisional process.

*Michael Sindram*
Michael Sindram

**CERITIFICATE OF SERVICE**

I HEREBY CERTIFY that copy of foregoing Motion For Judgment On Pleadings And For Related Relief was mailed, postage prepaid, this 13th day of April, 2007 [Happy Sabbath!] to: Frederick A. Douglas, Bar No. 197897, 1850 M St., N.W., Ste. 640, Washington, D.C. 20036.

*Michael Sindram*
Michael Sindram

*Make it **your** aim to do what is **right**, not what is evil, so that **you** may live. Hate what is evil, love what is **right**, and see that justice prevails in the courts...let justice flow like a stream, and righteousness like a river that never goes dry.*
Amos 5:14a, 15a, 24 (TEV)

*Do for others what **you** want them to do for **you**!*
Matthew 7:12a (TEV)