## UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM,
                Disabled Veteran/Plaintiff,

v.                                   Civil Action No.06-1952(RBW)

MICHAEL KELLY,
                Defendant.

*                     *                     *                     *

## MOTION FOR CLARIFICATION AND MODIFICATION OF ORDER AND FOR RELATED RELIEF

DISABLED VETERAN/PLAINTIFF, Michael Sindram, *pro-se*, in his Motion For Clarification And Modification Of Order And For Related Relief, states as follows:

1. Amended Order of March 28, 2008: "Ordered that defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is Granted. It is further Ordered that this order shall not be deemed a final order subject to appeal until Court has issued its Memorandum Opinion in this matter." Afore-referenced Amended Order is ambiguous, overbroad, and vague that now requires specificity, modification and clarification. Indeed, justice delayed is "just-ice" denied!

2. To date this Court has not issued its Memorandum Opinion and it is uncertain as to when it will be issued to prejudice and irreparably harm Disabled Veteran/Plaintiff. When rights of *one* are violated rights of *all* are endangered! (Martin King)

3. To aid this Court and demonstrate that Disabled Veteran/Plaintiff has indeed stated a claim upon which relief can be granted Court's attention is directed to Order On Tenant/Petitioner's And Housing Provider/Respondent's Exceptions And Objections To Proposed Decision And Order And Final Decision And Order of April 7, 2008, adopted and incorporated herein by reference as Exhibit 1. Injustice *anywhere* is a threat to justice *everywhere*! (Martin King)

4. To further aid this Court and demonstrate that Disabled Veteran/Plaintiff has indeed stated a claim upon which relief can be granted Court's attention is directed to Neighborhood Legal Services Program Letter of June 20, 2007 with enclosure from Department of Veterans affairs Dr. Divya Shroff Letter of January 17, 2006 and Authorization For release Of Medical Records, adopted and incorporated herein by reference as Exhibits 2, 3, and 4 respectively.

5. To further aid this Court and demonstrate that Disabled Veteran/Plaintiff has indeed stated a claim upon which relief can be granted Court's attention is directed to

# RECEIVED

MAY − 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Neighborhood Legal Services Program Letter of July 25, 2007, adopted and incorporated herein by reference as Exhibit 5.

6. To further aid this Court and demonstrate that Disabled Veteran/Plaintiff has indeed stated a claim upon which relief can be granted Court's attention is directed to e-mail hardcopy from Neighborhood Legal Services Program Executive Director of December 4, 2007, adopted and incorporated herein by reference as Exhibit 6.

7. As direct and proximate result of above-captioned weighty cause of action defendant Kelly continues to retaliate against Disabled Veteran/Plaintiff. Defendant Kelly continues to deny and refuse Disabled Veteran/Plaintiff's requested entitled reasonable public accommodations as required by Americans with Disabilities Act of 1990 (ADA).

WHEREFORE, good cause having been shown and premises considered, Order should now pass:

1. Reinstating above-captioned meritorious cause of action as there being a claim upon which relief can be granted;

2. Expedited hearing advanced on Court's calendar to earliest practicable date to aid in the decisional process;

3. In alternative, Court to issue its Memorandum Opinion forthwith to preserve entitled Appeal rights;

4. Such other and further relief as to this Court appears just and proper.

**In God we trust:**
*Michael Sindram*
Michael Sindram, Disabled Veteran/Plaintiff, *Pro-Se*
6645 Georgia Avenue, N.W. #306
Washington, D.C. 20012
(202)722-6281


## RENEWED REQUEST FOR EXPEDITED HEARING

Renewed request for expedited hearing to be advanced on Court's calendar to earliest practicable date to aid in the decisional process.
*Michael Sindram*
Michael Sindram

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copy of foregoing Motion For Clarification And Modification Of Order And For Related Relief was mailed, postage prepaid, this 7th day of May 2008 to: Frederick Douglas, Esq, Douglas & Boykin, 1850 M Street, N.W., Suite 640, Washington, D.C. 20036.

*Michael Sindram*
Michael Sindram

*Make it **your** aim to do what is **right**, not what is evil, so that **you** may live. Hate what is evil, love what is **right**, and see that **justice** prevails in the courts...let **justice** flow like a stream, and **righteousness** like a river that never goes dry.*
**Amos 5:14a, 15a, 24 (TEV)**

*Do for others what **you** want them to do for **you**!*
**Matthew 7:12a (TEV)**

GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
HOUSING REGULATION ADMINISTRATION
Rental Accommodations Division
941 North Capitol Street, NE Room 7100
Washington, D.C. 20002

APR 7 2008

MICHAEL SINDRAM          ]
Tenant/Petitioner,       ]
                         ]        TP 28,028
                         ]        6817 Georgia Avenue, N.W.
v.                       ]        Unit 294 – Multi-Unit Dwelling
                         ]        Ward 4
                         ]
BORGER MANAGEMENT        ]
Housing Provider/Respondent. ]
                         ]        APR 7 2008
_____]

ORDER ON TENANT/PETIONER'S AND HOUSING
PROVIDER/RESPONDENT'S EXCEPTIONS AND OBJECTIONS TO THE PROPOSED
DECISION AND ORDER AND FINAL DECISION AND ORDER

**Jurisdiction**

**KEITH A. ANDERSON, ESQUIRE, HEARING EXAMINER:** The above-captioned matter comes before the District of Columbia Department of Housing and Community Development, Housing Regulation Administration, Rental Accommodations Division (RAD), (formerly District of Columbia Department of Consumer and Regulatory Affairs, Rental Accommodations and Conversion Division (RACD)) pursuant to Title II of the Rental Housing Act of 1985, D.C. Law 6-10, as amended, effective July 17, 1985, D.C. Official Code Section 42-3501.01 (2001) et seq., (formerly codified as DC Code Section 45-2501 et seq. (1990 Repl. Vol.); Title 14 of the District of Columbia Municipal Regulations, Chapters 38-43, 14 DCMR Sections 3800-4399 (1991) (the Rules), 33 DCMR 2656 (March 7, 1986); and the D.C. Administrative Procedure Act, D.C. Official Code Section 2-501 et seq. (2001) (formerly codified at DC Code Section 1-1501 et seq. (1990 Repl. Vol.)

**Procedural History**

On December 30, 2002, Michael Sindram, Tenant Petitioner, occupant of 6817 Georgia Avenue, N.W., Unit 204, filed Tenant Petition (TP) 28,028 with RACD. The Tenant/Petitioner alleged in


– Ex. 1–

Tenant/Petitioner alleged in his petition, that: (1) the services and/or facilities provided in connection with the rental of his unit had been permanently eliminated; 2) services and/or facilities provided in connection with the rental of his unit had been substantially reduced; 3) services and/or facilities, as set forth in a Voluntary Agreement filed with and approved by the Rent Administrator under § 215 of the Rental Housing Emergency [sic] Act of 1985, have not been provided as specified; 4) retaliatory action had been taken against Tenant/Petitioner by the Housing Provider/Respondent's manager or other agent for exercising his rights in violation of §502 of the Rental Housing Emergency Act of 1985; and 5) a Notice to Vacate had been served upon Tenant/Petitioner which violates the requirements of § 501 of the Rental Housing Emergency Act of 1985.

On March 3, 2004, the RACD hearing was held before Gerald J. Roper, Senior Hearing Examiner and on September 14, 2004, the hearing examiner issued his decision and order.
The decision and order contained the following:

## Findings of Fact:

1.  The Housing Provider/Respondent replaced the heating system in the Tenant/Petitioner's rental unit from four (4) individual radiant heating units providing heat in the rental unit to two (2) forced air heating units. The work began in June 2003 and was completed in October 2003.

2.  The new heating units have individual temperature controls and are more efficient than the old unit.

3.  The installation of the new heating system caused holes in the walls which contributed to an insect problem in the Tenant/Petitioner's rental unit.

4.  The Tenant/Petitioner did not provide the duration or severity of the insect problem.

5.  The Housing Provider/Respondent charged the Tenant/Petitioner a fee for lost key service but did not charged other tenants who have lost their key.

6.  The issues involving whether services and facilities set forth in a Voluntary Agreement filed with the Rent Administrator have not been provided was withdrawn.

7.  There was no evidence presented on the issue of whether a notice to vacate has been served on the Tenant/Petitioner which violates the requirements of § 501 of the Act.

8.  The Housing Provider/Respondent has retaliated against the Tenant/Petitioner.

Sindram v. Borger Mgmt., Inc., TP 28,028 (RACD Sept. 14, 2004) at 8.

**Conclusions of Law:**

1.      Tenant/Petitioner has failed to meet his burden of proof in accordance with 14
DCMR § 4003.1 to demonstrate that Housing Provider/ Respondent has substantially or
permanently reduced related services in Tenant/Petitioner's rental unit.

2.      Housing Provider/Respondent has retaliated against the Tenant/Petitioner in
violation of D.C. Official. Code 2001 Ed. § 42-3505.02 (2001) and shall be fined
pursuant to D.C. Official Code § 42-3 509.01 (2001).

Sindram v. Borger Mgmt., Inc., TP 28,028 (RACD Sept. 14, 2004) at 9.

On September 22, 2004, the Housing Provider/Respondent filed a notice of appeal with
the Commission and the Commission considered the following issues:

1. The Hearing Examiner erred in relying upon unreliable and unsubstantiated
hearsay testimony presented by the Tenant/Petitioner.

2. The Hearing Examiner erred in concluding that the Housing Provider/Respondent had
retaliated in this case.

3. The assessment of a fine by the Hearing Examiner was arbitrary, capricious and legally
erroneous.

Housing Provider/Respondent Notice of Appeal at 1.

On March 14, 2005, the Commission held the appellate hearing on TP 28,028 and it
issued a decision and order on June 1, 2005, which contained the following:

1.  The Commission affirmed in part, and reversed and remanded, in part the Hearing
    Examiner's decision and order.

2.  The Commission found that the Hearing Examiner did not err in relying upon
    hearsay testimony presented by the Tenant/Petitioner and that issued was
    dismissed.

3.  The Commission denied the Housing Provider/Respondent's issues two (2) since
    if concluded that the Hearing Examiner also did not err in concluding that the
    Housing Provider had retaliated against the Tenant/Respondent in the instant case.

4.  The Commission reversed the fine assessed to the Housing Provider/Respondent
    and remanded the TP back to the Hearing Examiner since he  failed to make any

findings of fact or conclusions of law on whether or not the Housing
Provider/Respondent acted willfully in its actions against the Tenant/Petitioner.

5.  The Commission remanded the TP 28,028 for further findings of fact and
    conclusions of law by the Hearing Examiner on whether the Housing Provider
    acted willfully when it violated the Act.

Sindram v. Borger Mgmt., Inc., TP 28,028 (RHC June 1, 2005) at 8.

On February 28, 2007, the Acting Rent Administrator issued a proposed decision and
order on remand for TP 28,028 and on March 12, 2007, the Housing
Provider/Respondent filed an Exceptions and Objections to the proposed order and
decision and on March 21, 2007, the Tenant/Petitioner filed an Exceptions and
Objections to the proposed order with the Acting Rent Administrator.

**Preliminary Matters**

The hearing examiner takes notice of the Tenant/Petitioner and the Housing
Provider/Respondent's Exceptions and Objections of the Proposed order dated February
28, 2007 however, the issue advance by both parties are hereby denied.

**Issue Presented**

1.  **Whether there is sufficient evidence on the record that the Housing
    Provider/Respondent acted willfully when it retaliated against the
    Tenant/Petitioner in violation of the Act?**

**Evaluation and Analysis of the Evidence**

The Commission in its order and decision stated that the Act provides that "[a]ny person
who willfully...commits any... act in violation of any provision of this chapter or of any
final administrative order issued under this chapter... shall be subject to a civil fine of not
more than $5,000 for each violation." D.C. Official Code §42-3509.01(b) (2001).
Moreover, in Quality Mgmt., Inc. v. District of Columbia Rental Hous. Comm'n, 505
A.2d 73 (D.C. 1986), the District of Columbia Court of Appeals stated in its opinion that
"[f]rom the context it is clear that the word "willfully" as used in § [42-3509.01(b)]
demands a more culpable mental state than the word "knowingly" as used in § [42-
3509.01(a)]." Id at 76. In other words, the term "willfully" in § 42-3509.01(b) relates to
whether or not the person committing the act intended to violate the law. Id at 76. For
example, if the housing provider's actions were actually in response to a tenant's actions,
that may be considered willful; however, if the housing provider's actions were merely
coincidental, they would not be considered willful. Borger Mgmt. Inc. v. Sindram, TP
28,028 (RHC June 1, 2005) at 7. Thus, simply doing the act, but without intending to
violate the law, would be knowingly, but not willfully. Id at 7.

findings of fact or conclusions of law on whether or not the Housing
Provider/Respondent acted willfully in its actions against the Tenant/Petitioner.

5.  The Commission remanded the TP 28,028 for further findings of fact and
conclusions of law by the Hearing Examiner on whether the Housing Provider
acted willfully when it violated the Act.

Sindram v. Borger Mgmt., Inc., TP 28,028 (RHC June 1, 2005) at 8.

On February 28, 2007, the Acting Rent Administrator issued a proposed decision and
order on remand for TP 28,028 and on March 12, 2007, the Housing
Provider/Respondent filed an Exceptions and Objections to the proposed order and
decision and on March 21, 2007, the Tenant/Petitioner filed an Exceptions and
Objections to the proposed order with the Acting Rent Administrator.

**Preliminary Matters**

The hearing examiner takes notice of the Tenant/Petitioner and the Housing
Provider/Respondent's Exceptions and Objections of the Proposed order dated February
28, 2007 however, the issue advance by both parties are hereby denied.

**Issue Presented**

1.  **Whether there is sufficient evidence on the record that the Housing
    Provider/Respondent acted willfully when it retaliated against the
    Tenant/Petitioner in violation of the Act?**

**Evaluation and Analysis of the Evidence**

The Commission in its order and decision stated that the Act provides that "[a]ny person
who willfully...commits any... act in violation of any provision of this chapter or of any
final administrative order issued under this chapter... shall be subject to a civil fine of not
more than $5,000 for each violation." D.C. Official Code §42-3509.01(b) (2001).
Moreover, in Quality Mgmt., Inc. v. District of Columbia Rental Hous. Comm'n, 505
A.2d 73 (D.C. 1986), the District of Columbia Court of Appeals stated in its opinion that
"[f]rom the context it is clear that the word "willfully" as used in § [42-3509.01(b)]
demands a more culpable mental state than the word "knowingly" as used in § [42-
3509.01(a)]." Id at 76. In other words, the term "willfully" in § 42-3509.01(b) relates to
whether or not the person committing the act intended to violate the law. Id at 76. For
example, if the housing provider's actions were actually in response to a tenant's actions,
that may be considered willful; however, if the housing provider's actions were merely
coincidental, they would not be considered willful. Borger Mgmt. Inc. v. Sindram, TP
28,028 (RHC June 1, 2005) at 7. Thus, simply doing the act, but without intending to
violate the law, would be knowingly, but not willfully. Id at 7.

In the instant case, the evidence in the record shows that the Tenant/Petitioner filed previous tenant petitions with the RACD against the Housing Provider/Respondent concerning repairs to his rental unit. Sindram v. Borger Mgmt., Inc., TP 28,028 (RACD Sept. 14, 2004) at 7. The Hearing Examiner found that since the Tenant/Petitioner filed previous tenant petitions it created a presumption that the repairs were requested and perhaps not provided as a result of the Tenant/Petitioner's constant complaints. Id at 7. Moreover, the Hearing Examiner found that the Housing Provider/Respondent failed to show any rebuttal evidence on the presumptions. Id at 7. Therefore, the Hearing Examiner found that the Housing Provider/Respondent retaliated against the Tenant/Petitioner by not making timely repairs in the Tenant/Petitioners rental unit. Id at 7.

In addition, the testimonial and document evidence shows that the Housing Provider/Respondent charged the Tenant/Petitioner a fee for lost key services when it did not charge other tenants in the housing accommodation a similar fee for the same services. The hearing examiner found that this action by the Housing Provider/Respondent constituted retaliatory action against the Tenant/Petitioner. Sindram v. Borger Mgmt., Inc., TP 28,028 (RACD Sept. 14, 2004) at 7. Thus, it is uncontested that the Housing Provider/Respondent retaliated against the Tenant/Petitioner by not making timely repairs to the Tenant/Petitioner's rental unit and by charging him a fee for a lost key when other tenants are not assessed the same fee.

Therefore, the hearing examiner finds that the housing providers repeated failure to make repair and by charging him a fee for a lost key when other tenants are not assessed the same fee is sufficient evidence on the record that the Housing Provider/Respondent wilfully violated the Act and therefore, the requirements for imposing a fine pursuant to § 42-3509.01(b) are met and a fine will be imposed. Therefore, the Hearing Examiner affirms its decision to assess a fine on the Housing Provider/Respondent in the amount of $1000.00 since, it wilfully violated the act when it charge the Tenant/Petitioner for a loss key and did not charge any of its other tenant for the same service. Borger Mgmt. Inc. v. Sindram, TP 28,028 (RACD Sept. 14, 2004) at 9.

**Findings of Fact**

After a careful evaluation of the evidence, the Acting Rent Administrator finds, as a matter of fact, the following:

1.  All other Findings of Fact made by the Hearing Examiner in previous Decision and Order on this TP that are not in conflict are incorporated by reference in this section of **Findings of Fact**

2.  The record shows that the Tenant/Petitioner filed previous tenant petitions with the RACD against the Housing Provider/Respondent concerning repairs to his rental unit.

3.  The Housing Provider/Respondent retaliated against the Tenant/Petitioner by

repeatedly not making timely repairs in the Tenant/Petitioners rental unit.

4.  The Housing Provider/Respondent charged the Tenant/Petitioner a fee for a lost key when it did not charge the other tenants in the housing accommodation a similar fee for the same services.

5.  No rebuttal evidence by the Housing Provider/Respondent exists in the record that rebuts the presumptions that it  purposely retaliated against the   '  Tenant/Petitioner by charging him a fee and not making timely repairs to his rental unit.

## Conclusions of law

After a careful evaluation of the evidence and findings of facts, the Acting Rent Administrator makes the following conclusions of law.

1.  All other conclusions of law made by the hearing examiner in previous Decision and Order on this TP that are not in conflict  are incorporated by reference in this section of **Conclusions of Law.**

2.  The hearing examiner finds that the Housing Provider/Respondent repeatedly failed to make repairs and there is  sufficient evidence on the record that the Housing Provider/Respondent wilfully violated the Act.

3.  The hearing examiner finds that the requirements for imposing a fine pursuant to § 42-3509.01(b) are met and a fine will be imposed.

4.  The Housing Provider/Respondent in the amount of $1000.00 since, it wilfully violated the act when it charge the Tenant/Petitioner for a loss key and did not charge any of its other tenant for the same service and repeatedly did not make timely repairs in his rental unit.


## ORDER

**IT IS ORDERED** that:

The Housing Provider/ Respondent is hereby fined **ONE THOUSAND DOLLARS ($1000.00)** payable to the Chief Financial Officer, Room 9600, 941 North Capital Street, NE, Washington, D.C. 20013-7200. All checks should be made to the D.C. Treasurer; it is

**FURTHER ORDERED** that:

The Housing Provider/Respondent shall ceases and desist from charging the Tenant/Petitioner a fee for lost key services when it does not charge other tenants in the

TP 28,028
Page 7

housing accommodation a similar fee for the same services; and retaliating against the Tenant/Petitioner by not making timely repairs to the Tenant/Petitioner's rental unit and;

It is **FURTHER ORDERED** that:          APR   7 2008

The Decision and Order is effective immediately.

## Right to File Motion for Reconsideration or to Appeal Final Decision and Order

Any party who believes that the Final Decision and Order is either: (1) the result of a default judgment because that party failed to appear at the hearing; (2) contains typographical, numerical, or other technical errors; (3) contains clear error that is evident on its face; or (4) should be reconsidered because newly discovered evidence exists which could not have been discussed at the hearing, may file a Motion for Reconsideration with RAD.

Any party who believes the Final Decision and Order is not supported by the evidence before the Hearing Examiner or that the law was applied incorrectly, may request a review by the Rental Housing Commission, by filing a Notice of Appeal. The notice must set forth the specific reasons for appeals, which must be based on the evidence in the official record or the application of law.

The filing of a Motion for Reconsideration shall stay the effectiveness of the Final Decision and Order until such time as the Rent Administrator rules upon the motion, or it is denied pursuant to 14 DCMR Sec. 4013.2.

Motions for Reconsideration and Appeals from the Rent Administrator's Final Decision and Order must be file-stamped with RAD or the Commission, respectively, and served on opposing parties within ten (10) days of the date of the Final Decision and Order of the Rent Administrator, on or before _____ APR  24 2008 _____ , excluding Saturdays, Sundays, and holidays, allowing three (3) additional days for mailing pursuant to 14 DCMR § 3912.5. All pleadings and other filings shall be deemed field when actually received and stamped by RAD or the Commission during business hours, 8:30 a.m. to 3:00 p.m., on or before the due date.

Address any Motion for Reconsideration to:

DC Department of Housing and Community Development
Rental Accommodations Division
941 North Capitol Street, N.E Suite 7100
Washington, DC 20002

TP 28,028
Page 8

Address any Notice of Appeal to:

      Rental Housing Commission
      941 North Capitol Street, NE Suite 9200
      Washington, DC 20002

Motions for Reconsideration must be decide within ten (10) days from the date on which they are filed. If not ruling on the motion is issued within those ten (10) days, the motion is automatically denied.

The time for appeal does not run while a Motion for Reconsideration is pending. However, once a ruling on a Motion for Reconsideration is issued or the time to decide such a motion elapses, the ten (10) days to file an appeal begins to run again.

The failure of the party to file a timely appeal shall result in the waiver of the right to have the Final Decision reviewed by the District of Columbia Court of Appeals.

**KEITH ANDERSON, ESQUIRE**
Hearing Examiner
DC Department of Housing and Community Development
Rental Accommodations Division

Copies to:

Michael Sindram
6817 Georgia Avenue, NW  Apt. 204
Washington, DC 20012

Richard W. Luchs, Esquire
GREENSTEIN, DELORME & LUCHS, PC
1620 L Street, NW Suite 900
Washington, DC 20036-5605

## CERTIFICATE OF SERVICE

I hereby certify that I cause to be sent by US Priority Mail, with delivery confirmation, a copy of the above-cited Order in TP 28,028 on _____**APR 7 2008**_____ , to the above-listed parties.

Certifying Party

OFFICE OF THE DIRECTOR

NEIGHBORHOOD LEGAL SERVICES PROGRAM

701 FOURTH STREET, N.W.
WASHINGTON, D.C. 20001

(202) 682-2720

(202) 682-0588 (FAX)

HEADQUARTERS
701 - 4th STREET, N.W.
WASHINGTON, D.C. 20001

NEIGHBORHOOD LAW OFFICE
(SERVING NORTHWEST)
(202) 682-2700
(202) 682-0588 (FAX)

NEIGHBORHOOD LAW OFFICE
(SERVING NORTHEAST)
(202) 682-2735
(202) 682-0588 (FAX)

NEIGHBORHOOD LAW OFFICE
NEIGHBORHOOD LAW OFFICE NO. 5
(SERVING SOUTHEAST & SOUTHWEST)
1213 GOOD HOPE ROAD, S.E.
WASHINGTON, D.C. 20020
(202) 678-2000
(202) 889-3374 (FAX)

June 20, 2007

Mr. Hans Froelicher
Chief of Litigation
DCHA-Office of General Counsel
1133 North Capitol Street, NE
Washington, D.C. 20002

Re:  Michael Sindram

Dear Mr. Froelicher:

This letter is in reference to Mr. Michael Sindram's consumption of distilled water as medically necessary for treatment. As you are aware, Mr. Sindram obtained the medical information directly from his healthcare providers. In an **Informal Hearing Decision** from the D.C. Housing Authority, dated December 28, 2005, it was stated that " this opinion, however, does not preclude the Complainant from following DCHA's process of obtaining independent verification of Complainant's medical expenses. *See page 4*

On June 4, 2007, Mr. Sindram signed an *Authorization for Release of his Medical Records* for the Department of Veteran's Affairs to release Dr. Divya Shroff's letter pertaining to the medical necessity of using distilled water. He requested that the Department of Veteran's Affairs mail the letter directly to you. Have you received the medical information from the Department of Veteran's Affairs? *See attached Authorization*

It is our position that the letter from Dr. Divya Shroff, dated January 17, 2006, is independent verification of Mr. Sindram's consumption of distilled water is medically necessary. I am requesting that you reconsider your decision and agree that Mr. Sindram has provided necessary documentation to justify including his expenses for distilled water as part of this rent recalculation.

If you need to discuss further, please call me at (202) 682-2700, ext. 112. Please note that NLSP will relocate its headquarters and NE office to 680 Rhode Island Avenue NE 20001. NLSP will still have offices at 701 4th Street NW and 3101 Martin Luther King SE.



Sincerely,

Brenda Ford Harding
Executive Director



**DEPARTMENT OF VETERANS AFFAIRS**
**Medical Center**
**50 Irving Street NW**
**Washington DC 20422**

January 17, 2006

Re: Michael Sindram

To Whom It May Concern:

Mr. Michael Sindram, DOB: 12/3/57, is a current patient of the Veterans Affairs Hospital. Mr. Sindram suffers from chondromalacia. Per his reported and documented past medical history and treatment plans from this hospital as well as other local institutions, he requires distilled water for his medical care. The Veterans Hospital does not carry or supply distilled water to its patients. Therefore, the patient purchases the water himself. This is an ongoing need.

Please call with questions – 202-745-8377

Sincerely,

Dr. Divya Shroff

– Ex. 3 –

## AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS

I, _Michael Sindram_, hereby authorize Department of Veteran's Affairs to send a letter to:

Mr. Hans Froelicher, General Counsel,
D.C. Housing Authority
1133 North Capitol Street NE
Washington DC 20002-7599,

pertaining that it is medically necessary for me to use distilled water as noted by the attached January 17, 2006 letter from Dr. Divya Shroff. Please send the letter directly to the DC Housing Authority as noted above.

Old address:
6817 Georga Ave NW #204

New address:
6645 Georgia Ave NW #306
Washington, DC
20012

In God we trust:
_Michael Sindram_
Michael Sindram (print)

_Michael Sindram_
Michael Sindram (Signature)

6-4-07
(Date)

-Ex. 4-

## NEIGHBORHOOD LEGAL SERVICES PROGRAM

680 RHODE ISLAND AVENUE, NE • WASHINGTON, DC 20002 • P: (202) 269-5100; F: (202) 832-1984

July 25, 2007

Mr. Hans Froelicher
Chief of Litigation
DCHA-Office of General Counsel
1133 North Capitol Street, NE
Washington, D.C. 20002

Re: Michael Sindram

Dear Mr. Froelicher:

This letter is in reference to Mr. Michael Sindram's consumption of distilled water as medically necessary for treatment. As you are aware, Mr. Sindram obtained the medical information directly from his healthcare providers. In an **Informal Hearing Decision** from the D.C. Housing Authority, dated December 28, 2005, it was stated that " this opinion, however, does not preclude the Complainant from following DCHA's process of obtaining independent verification of Complainant's medical expenses. *See page 4*

On June 4, 2007, Mr. Sindram signed an *Authorization for Release of his Medical Records* for the Department of Veteran's Affairs to release Dr. Divya Shroff's letter pertaining to the medical necessity of using distilled water. He requested that the Department of Veteran's Affairs mail the letter directly to you. Have you received the medical information from the Department of Veteran's Affairs? *See attached Authorization*

It is our position that the letter from Dr. Divya Shroff, dated January 17, 2006, is independent verification of Mr. Sindram's consumption of distilled water is medically necessary. I am requesting that you reconsider your decision and agree that Mr. Sindram has provided necessary documentation to justify including his expenses for distilled water as part of this rent recalculation.

If you need to discuss further, please call me at (202) 269-5100, x224. Please note that NLSP has relocated it headquarters and NE office to 680 Rhode Island Avenue NE 20001. NLSP still has offices at 701 4th Street NW and 3101 Martin Luther King SE.

Sincerely,

Brenda Ford Harding
Executive Director/Attorney



## Brenda Harding

| | |
|---|---|
| **From:** | Brenda Harding |
| **Sent:** | Tuesday, December 04, 2007 9:28 AM |
| **To:** | 'ghfroelic@dchousing.org' |
| **Subject:** | Michael Sindram |
| **Attachments:** | DCHA7-07.doc |

Good morning Mr. Froelicher:

I am following up on the letter (attached) that I sent you concerning Mr. Michael Sindram. I also left you a few telephone messages.

Please call me to discuss the matter. My contact information is below.

Thanks,

Brenda Ford Harding

Brenda Ford Harding
Executive Director
Neighborhood Legal Services Program
680 Rhode Island Avenue NE
Washington, DC 20002
(202) 269-5100 x 224
(202) 832-1984 (fax)



2/14/2008