UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL SINDRAM[1], ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  06-1952 (RBW) |
| ) | |
| MICHAEL KELLY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.  Background**

On November 15, 2006, the plaintiff, proceeding pro se, filed[2] this action alleging violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134 (2000).  Complaint ("Compl.").  In this action, the plaintiff alleges that he is "an individual with a disability [and is ]protected under [the ADA], 42 U.S.C. §§ 12101-12213, and specifically under Title II of the ADA. . . ."  Id. ¶ 3.  The plaintiff brings this suit against the "[d]efendant . . .

---

[1] The plaintiff is a "serial litigant," see Sindram v. Circuit City, Civ. No. 92-2138, 1992 WL 391359, at *2 (D.D.C. Dec. 14, 1992), who has filed numerous duplicative or frivolous actions in this and other courts.  The constitutional right of access to the courts is not absolute or unconditional.  In re Green, 669 F.2d 779, 785 (D.C. Cir. 1981).  If a litigant persistently abuses the judicial process by filing repetitive, frivolous lawsuits, "a Court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice."  Urban v. United States, et al., 768 F.2d 1497, 1500 (D.C. Cir. 1985).  In addition to a prior order issued by this Court, see Sindram v. Saunders, Civ. Action No. 03-2110, slip op. at 2-3 (D.D.C. Aug. 11, 2004), limiting the filing of additional pleadings by the plaintiff , similar restrictions have been imposed by the Supreme Court, see In re Michael Sindram, 498 U.S. 177 (1991), and the District of Columbia Circuit, see Sindram v. Johnson, No. 91-7110, 1993 WL 135959 (D.C. Cir. April 20, 1993).  And, as a result of an Order issued by another member of this Court in Sindram v. Saunders, Civ. No. 03-2110, slip op. at 2-3 (D.D.C. Aug. 11, 2004), the plaintiff had to obtain leave of Court to file this action.  November 15, 2006 Order issued by Judge Rosemary Collyer.

[2] The Court construes a filing made by the plaintiff entitled "Leave to File Verified Complaint," Docket Entry Number 1, as his complaint in this action.  On November 15, 2006, the plaintiff was granted leave of Court to file his Verified Complaint.  November 15, 2006 Order.

[, Michael Kelly,] [E]xecutive [D]irector of [District of Columbia] Housing Authority ("DCHA"), the 'public entity' under Title II of the ADA, 42 U.S.C. 12131(1)[.]" Id. The plaintiff contends that as the Executive Director of the DCHA, the defendant is "required to ensure that no 'qualified individual with a disability shall, on the basis of [a] disability, be excluded from participation in or be denied benefits of the services, programs, or activities of a public entity.'" Id.  However, the plaintiff alleges that "there were no modifications made to any [District of Columbia Housing Authority ("DCHA")] procedures to accommodate [the] [p]laintiff's mental impairment based on his diagnosed organic mental disorder and/or physical impairments based on his diagnosed osteoarthritis in both knees and spinal condition." Compl. ¶¶ 2, 4. Specifically, the plaintiff alleges that the defendant has disregarded both documentation filed by the plaintiff in support of his mental and physical impairments over the years and the requests that he has made relating to his disability, including, but not limited to, (1) the "[p]laintiff's request for ADA reasonable accommodations regarding minimizing [his] waiting time to testify at [ ] DCHA Board of Commissioner's monthly meeting[s]", id. ¶ 4, (2) his request for "assistance with completing complex DCHA recertification documents", id., and (3) presumably his request to have his actual and anticipated out-of-pocket medical expenses verified in order to offset his rent, id.  In addition, the plaintiff contends that instead of providing the plaintiff with reasonable accommodations, the "defendant . . . required his subordinates under [the] doctrine of respondeat superior to have additional correspondence sent to [the] [p]laintiff as a precautionary measure to insulate [the] defendant from further liability, [and] not to assist [the]

[p]laintiff with entitled requested ADA reasonable public accommodations."[3]  Id.  The plaintiff seeks to hold the defendant responsible for the alleged ADA violations and request that he be awarded over $950,000 in compensatory damages, $800,000 in punitive damages, and "[s]uch other and further relief as [the] Court [deems] just and proper.  Id. at 3-4.

Currently before the Court is the defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) (failure to state a claim upon which relief may be granted.) Defendant's Motion to Dismiss ("Def.'s Mot.").[4]  Specifically, the defendant asserts that the plaintiff fails to state a claim upon which relief may be granted because the defendant is an individual who cannot be sued for an alleged violation of Title II of the ADA.  Id. at 4.

## II. Standards of Review

To survive a motion to dismiss a complaint for failure to state a claim upon which relief can be granted made pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must make sufficiently detailed factual allegations in his complaint "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1959 (2007).  In evaluating a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, ___ U.S. ___, ___, 127 S. Ct 2197, 2200 (2007) (internal quotation marks and citations omitted), and "grant the plaintiff the benefit of all reasonable inferences that can be derived from the facts alleged," Trudeau v. FTC,

---

[3] The plaintiff also asserts that "[i]n addition to denying[the] [p]laintiff his requested entitled reasonable accommodations, [the] defendant had [the] [p]laintiff detained, arrested, and barred from his office.  Compl. ¶ 7.

[4] The following document has also been filed in connection with the defendant's motion: the plaintiff's Opposition to Defendant Michael Kelly's Motion to Dismiss Complaint ("Pl's Opp'n").

456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotation marks and citations omitted).  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief [in his complaint] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, ___ U.S. at ___, 127 S. Ct. at 1959 (internal quotation marks and brackets omitted).  Moreover, the Court need not accept inferences that are unsupported by the facts set forth in the complaint or "legal conclusion[s] couched as . . . factual allegation[s]." Trudeau, 456 F.3d at 193 (internal quotation marks and citations omitted).  For the purposes of a Rule 12(b)(6) motion, the Court may only consider the facts alleged in the complaint, any documents attached as exhibits, and matters about which the Court may take judicial notice. EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997).  Thus, factual allegations in memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts contained in the briefs contradict those alleged in the complaint. Henthorn v. Dep't of Navy, 29 F.3d 682, 688 (D.C. Cir. 1994); cf. Behrens v. Pelletier, 516 U.S. 299, 309 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

### III. Legal Analysis

As noted above, the defendant requests that the Court dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because the defendant is an individual who cannot be sued for an alleged violation of Title II of the ADA.  Def.'s Mot. at 4**.**  Specifically, the defendant contends that the plaintiff's complaint must be "dismissed because the statute does not provide relief against Michael Kelly as an individual." Id. at 4. In opposition, the plaintiff asserts that "defendant Kelly adamantly fail[ed] to reasonably accommodate [the] [p]laitniff but also

unconstitutionally increased [the] [p]laintiff's rent without offsetting out-of-pocket medical expenses as required by law." Pl.'s Opp'n at 1. In addition, the plaintiff now asserts in his opposition for the first time that (1) "[d]efendant Kelly continues to violate [the] [p]laintiff's constitutionally-guaranteed equal rights under the law as contained in 42 U.S.C. §1981," id. at 2, and (2) that he is "entitled to maintain his weighty meritorious cause of action against defendant Kelly cognizable under 42 U.S.C. §1983," id.[5]

Courts in this Circuit have interpreted the Supreme Court's instruction in Haines v. Kerner, 404 U.S. 519, 520 (1972), that the complaint of a pro se plaintiff be held to "less stringent standards than formal pleadings drafted by lawyers," to equally apply to all filings submitted by pro se litigants. See, e.g. Richardson v. United States 193 F.3d 545, 548 (D.C. Cir. 1999) (holding that "[c]ourts must construe pro se filings liberally") (citing Haines, 404 U.S. at 520); Voinche v. FBI, 412 F. Supp. 2d 60, 70 (D.D.C. 2006) (observing that "[t]his Court gives pro se parties the benefit of the doubt and may ignore some technical shortcomings of their

---

[5] It does not appear that the plaintiff is attempting to amend his complaint with these new allegations, as his submission is titled as his Opposition to Defendant Michael Kelly's Motion to Dismiss Complaint. Accordingly, the Court does not construe the plaintiff's submission as an attempt to amend his complaint. The Court reaches this conclusion given the plaintiff's familiarity with the judicial system, see footnote 1, supra, and the circumstances under which he made his filing following the filing of the defendant's dismissal motion. Moreover, even if the Court construed the submission as an attempt to amend the complaint, and even though a District Court should freely grant leave to amend a complaint "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc," Foman v. Davis, 371 U.S. 178, 182 (1962); see also Atchinson v. District of Columbia, 73 F.3d 418, 425 (D.C. Cir. 1996), here, there is ample reason not to permit the amendment. Not only would the defendant be prejudiced by having to expend additional resources to respond to the amendment, but permitting the amendment would afford the plaintiff a mechanism to avoid the August 11, 2004, prohibition in Civil Action No. 03-2110 (by asserting new theories of liability under the guise of a mere amendment), which precludes him from filing additional lawsuits without leave of court. Accordingly, assuming the plaintiff is attempting to amend his complaint, such action will not be permitted.

filings" and applying the Haines rule to a plaintiff's summary judgment motion) (citing Haines, 404 U.S. at 520); Calloway v. Brownlee, 366 F. Supp. 2d 43, 55 (D.D.C. 2005) (Walton, J.) (holding that the Court "must take pains to protect the rights of pro se parties against the consequences of technical errors") (citing Haines, 404 U.S. at 520). Despite this leniency, a pro se plaintiff's complaint "must at least meet a minimal standard" of what pleadings must entail. Price v. Phoenix Home Life Ins. Co., 44 F. Supp. 2d 28, 31 (D.D.C. 1999) (citing Wilson v. Civil Town of Clayton, 839 F.2d 375, 378-79 (7th Cir. 1988)). Therefore, although pro se pleadings are to be read liberally, a pro se litigant, like any other litigant, must comply with the Federal Rules of Civil Procedure. See McCreary v. Heath, No. 04-00623, 2005 WL 975736, at *1 (D.D.C. April 22, 2005); Jarrell v. Tisch, 656 F.Supp. 237, 239 (D.D.C. 1987).

     Here, the plaintiff has failed to state a claim upon which relief may be granted for several reasons. First, Title II of the ADA does not permit lawsuits against individuals. And, the plaintiff specifically requests that this Court find "defendant Michael Kelly liable for all injuries, damages, and violations suffered by him, and that judgment be entered against defendant Michael Kelly jointly, severally, collectively, and individually . . . ." Compl. at 3. The ADA defines the term "public entity" as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." See 42 U.S.C. § 12131(1)(A)-(B). Further, existing legal authority has concluded that Title II of the ADA does not provide for individual capacity suits. See Williams v. McLemore, No. 05-2678, 2007 WL 1748146, at *6 (6th Cir. June 19, 2007) ("the ADA does not provide for personal liability for defendants sued in their individual capacities."); Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("Insofar as Garcia is suing the individual

defendants in their individual capacities, neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits . . ."); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (finding that commissioners may not be sued in their individual capacities under Title II of the ADA because it affords disabled individuals redress for discrimination by a "public entity" and that term, as it is defined within the statute, does not include individuals.); Shebby v. Adams, No. 03-06487, 2007 WL 1302744, at *8 (E.D.Cal. May 2, 2007) (individuals cannot be personally sued under Title II of the ADA); Calloway v. Boro of Glassboro Dep't of Police, 89 F. Supp. 2d 543, 557 (D.N.J. 2000) (individual defendants cannot be held liable for violations of Title II of the ADA and § 504 of the Rehabilitation Act); Montez v. Romer, 32 F. Supp. 2d 1235, 1240-41 (D.Colo. 1999) (defendants in their individual capacities are not properly subject to suit under Title II of the ADA.). Thus, it is abundantly clear that defendant Kelly cannot be held liable in his personal capacity under Title II of the ADA. Accordingly, the plaintiff has failed to state an ADA claim against defendant Kelly upon which relief may be granted.

Second, to the extent that the plaintiff alleges violations against defendant Kelly in his official capacity, or DCHA, the Court finds, sua sponte, that the plaintiff has also failed to state a claim upon which relief may be granted against the defendant in his official capacity or DCHA for two reasons. First, although the plaintiff alleges that he is disabled, he has not alleged any facts demonstrating that he was excluded from participating in or denied the benefits of the services, programs, or activities of DCHA because of his disability. All the plaintiff does is make vague assertions of the need for accommodations without specifying what accommodations

he needs, were requested, and were denied.[6]  Specifically, the plaintiff only vaguely provides examples of ADA reasonable accommodations that he allegedly requested such as: (1) his request for reduced waiting time for him to testify at DCHA board of commissioners' monthly meetings, (2) his request for assistance in completing complex DCHA recertification documents, and (3) his request for the DCHA to verify his actual and anticipated out-of-pocket medical expenses in order to offset the portion of rent he is obligated to pay.  Pl's Opp'n at 2.  To prove a public program or service violates Title II of the ADA, a plaintiff must show that:

> (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.

Weinreich v. Los Angeles County Metropolitan Transportation Authority, 114 F.3d 976, 978 (9th Cir. 1997); see also Atkins v. County of Orange, 251 F.Supp.2d 1225 (S.D.N.Y. 2003) (applying the same standard); McDonald v. Commonwealth of Massachusetts, 901 F.Supp. 471, 478 (D.Mass. 1995) (applying the same standard). Here, the plaintiff's assertions are insufficient to allege an ADA violation because he fails to assert (1) how the DCHA's failure to address his alleged requests amount to the exclusion or denial of benefits, services, programs, or activities of a public entity under Title II of the ADA, (2) how such requests were related to his disability, (3) or how the denials were based on his disability.

---

[6] Although the plaintiff cites to exhibits 6 and 7 in his opposition, allegedly his requests for reasonable accommodations and verification of his medical expenses, these documents were not filed with his pleadings. Pl.'s Opp'n. at 2.

Third, the plaintiff does not provide any supporting proof regarding his assertions (1) that the defendant retaliated against him by allegedly "set[ting] out to satisfy an extra-judicial claim instituted as a private matter to achieve an end unintended by law and in fact having had that intended effect not only to refuse [the] [p]laintiff his ADA reasonable accommodations but also to make [the] [p]laintiff become homeless," Compl. ¶ 4, or (2) that the defendant required his subordinates to send correspondence to the plaintiff in order to not assist the plaintiff with requested ADA reasonable public accommodations.  Id.  Instead, the plaintiff merely asserts that he was not given special treatment and that his requests for ADA reasonable accommodations were disregarded.  Compl. ¶ 4.  This is inadequate, and accordingly, this Court concludes that the plaintiff has not adequately asserted a failure to accommodate claim under Title II of the ADA against defendant Kelly in his official capacity or against the DCHA.

## IV. Conclusion

For the reasons set forth above, the defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) must be **Granted.**  Accordingly, this action must be dismissed.[7]

**SO ORDERED.**

---

[7] Also pending before the Court are the plaintiff's Motion for Judgement on Pleadings and for Related Relief (requesting a hearing and judgment in his favor on the defendant's motion to dismiss). Since the Court is granting the defendant's Motion to Dismiss, the plaintiff's pending motion is **DENIED** as moot. An order consistent with the Court's rulings in this Memorandum Opinion has been issued contemporaneously with this opinion.

/s/_____
Reggie B. Walton
United States District Judge